## WOOD & BROTHER v. COLLINS.

1. A creditor who files objections to the allowance of an exemption on the ground that specified articles of personalty were omitted from the schedule, should on the trial be confined to the articles mentioned in his objections, and should not be allowed to show by evidence that other articles of personalty were omitted from the schedule.

2. An amendment to such objections, which merely in loose and general terms alleged that the head of the family owned property not scheduled, some of which consisted of debts owing to him by persons unknown to the objector, without further specifying or describing the property charged to have been omitted, was properly disallowed for want of fullness and certainty in these respects.

3. It is not incumbent on the applicant for a homestead to fix the valuation of the real estate sought to be set apart. This duty devolves upon the surveyor, his valuation being subject to review by appraisers.

4. Though a gift of money or other property by an insolvent to his wife would be void as to creditors, it would be good as to the wife; and if she had actually disposed of such money or property before applying for an exemption out of the husband's property, her failure to include what was given her in the schedule would not vitiate her application, when it did not appear that the gift was made in anticipation of the application and for the purpose of concealing the property.

5. A failure to charge a proposition of law applicable to the case can not be taken advantage of by assigning error on a charge that is abstractly correct.

6. Striking a ground of a motion for a new trial, which alleged an act or omission on the part of the judge, is the equivalent of refusing to certify to its correctness, and so doing is not reviewable here.

7. While the judge should have instructed the jury to find first whether any of the property described in the objections should have been embraced in the schedule, and, if so, was the applicant guilty of a wilful fraud in

concealing the same, a charge which restricted them to finding what was fraudulently omitted would not be cause for a new trial, when the evidence demanded a finding that none of the property embraced in the objections should have been included in the schedule.

Argued May 22, — Decided June 5, 1900.

Application for homestead—appeal.    Before Judge Smith. Montgomery superior court.    September 21, 1899.

*J. H. Martin*, for plaintiffs in error.

Cobb, J.   Mrs. Collins made an application for the setting apart of a homestead and exemption of personalty out of the property of her husband as the head of a family consisting of herself and her minor children, it being alleged that he refused to make the application.   The realty sought to be set apart consisted of a tract of land containing 341 acres, and the schedule of personalty consisted of numerous items, with the value of each affixed, aggregating $551.   The affidavit of the surveyor was to the effect that the land sought to be exempted was worth $1,000.   Wood & Brother, creditors of Collins, filed objections to the proceeding, on the grounds that the land was worth $2,500 instead of $1,000, and the personalty contained in the schedule was worth $200 more than the amount therein stated, and that the schedule did not contain "a full disclosure of the personalty of said W. W. Collins, because it does not contain $300 cash and one pistol, value $15."   Appraisers were appointed, who made a return that the realty was worth $1,000 and the personalty $493.75.   Wood & Brother entered an appeal to the superior court.   The case came on for trial in that court, and the result was a verdict finding "the land to be worth $1,000, and no personal property fraudulently left out of the schedule."   The case is here upon a bill of exceptions sued out by Wood & Brother, assigning error upon the refusal of the court to grant a new trial in the case at their instance.

1. It is the duty of one who claims the benefit of the law allowing the setting apart of a homestead and exemption of personalty to act in perfect good faith, and to that end he must "make a full and fair disclosure of all the personal property, including money, stocks, and bonds, of which he may be pos-

3

sessed at the time" his application for exemption is made.    If a debtor is "guilty of wilful fraud in the concealment of part of his property from his creditors," the law imposes as the penalty upon him that he shall lose the benefit of his exemption, so far as the rights of creditors whose debts were in existence at the date of the application are concerned.    Civil Code, § 2830.    The section above cited does not in terms apply to a case where the application is made by the wife to have the exemption set apart out of the property of the husband; but it would seem that when the wife is the applicant and she wilfully omits from the schedule filed by her property belonging to her husband which is subject to the payment of his debts, the penalty which the law imposes upon her husband if he is the applicant and guilty of such conduct should also fall upon her.    In having the exemption set apart she claims through him, and, construing the law in relation to homesteads and exemptions in its entirety, it seems clear that when the wife is the applicant she is charged with the same duties and subject to the same penalties that the law imposes upon the husband when guilty of fraudulent conduct.    Indeed, the law goes even farther than this, and makes the wife responsible for the fraud of her husband in concealing his property; and if any property be left out of the wife's schedule through the fraud of the husband, even though the wife was no party to the fraud and was ignorant of it, she will have to suffer the penalty which the law imposes upon the husband when he is the applicant. *Kirtland* v. *Davis*, 43 *Ga.* 318.    Creditors are permitted to object to the schedule for want of sufficiency and fullness or for fraud of any kind, as well as to dispute the valuation of the personalty, the propriety of the survey, or the value of the land; but they are required to "specify" their objections in writing.    Civil Code, § 2836.    The purpose in requiring the objection to be thus specified is that the applicant may remove it by amendment if it is well taken, or may be in a position to intelligently combat it if he does not admit that it is well founded.    When the schedule is objected to for want of fullness or sufficiency, the objection must put the applicant on notice of what he is charged with having omitted, describing with reasonable certainty the property claimed to be omitted.    When

this is done, the issue to be tried is whether the articles described in the objections were the property of the applicant or person out of whose property the exemption is sought at the date of the application, and if so, whether such articles were concealed by the wilful fraud of the applicant. If the jury find that the property described in the objections was omitted from the schedule without any fraudulent intent, and it is thereafter delivered up, the fact that it was omitted would not defeat the application. If, on the other hand, the property described in the objections was omitted in consequence of a wilful and fraudulent intent to conceal the same, then the application would be defeated and the applicant would lose the benefit of the exemption so far as "pre-existing creditors" were concerned. Such being the result of a finding that property had been omitted from the schedule, it is not only not unreasonable but it is entirely proper that the objections should be so framed that the applicant would know exactly what charge he has to meet, and the objector should be held to strict proof of the charge as made in the objections. The objectors in this case having alleged that the omissions in the schedule consisted of $300 cash and a pistol worth $15, there was no error in requiring them to confine the proof to these items, nor in charging the jury, in effect, that their investigations on this branch of the case must be confined to the question whether either of these items was omitted. The rulings in *Torrance* v. *Boyd*, 63 *Ga.* 23, and *McNally* v. *Mulherin*, 79 *Ga.* 614, did not in any manner relate to the sufficiency of the pleadings.

2. The objectors offered an amendment to their objections, in which they set forth that sundry parties unknown to objectors were indebted to Collins, that by the collusion and fraud of Collins and his wife all reference to these debts was omitted from the schedule, and that the schedule did not contain a full and fair disclosure of the property of Collins, and that his property had not in good faith been delivered up but had been in part fraudulently concealed. The court refused to allow this amendment, for the reason that its allegations did not state what property was omitted, and were not sufficient to put the applicant on notice of what she was to meet at the trial. That

there was no error in this ruling will sufficiently appear from what has already been said in this opinion.

3. The judge charged the jury as follows: "I charge you that the applicant would have nothing to do with the value of the land. The law requires the surveyor to survey the land and to value it under oath, and if that was done and the caveators were dissatisfied, then appraisers should be appointed to appraise the land. The applicant could have nothing to do with putting a value on it." (The court then read the jury code sections 2828, 2830, 2834, 2836, 2837 and 2838.) This charge is assigned as error, "because it misstated the law, and is also an expression of opinion on the evidence in the case." The charge is not subject to either of the objections made. If there is in it any opinion on the evidence in the case, we have not been able to discover it. That it is not the duty of the applicant for a homestead to value the land sought to be set apart but that that duty devolves upon the surveyor, subject to review by appraisers, clearly appears from the sections of the code which were read by the judge as a part of the charge excepted to. See Civil Code, §§ 2828 – 2834.

4. If a husband who is insolvent make a gift of money or other property to his wife, the gift is void as to creditors but is good as to the wife. If, subsequently to such gift, the wife apply for a homestead and exemption to be set apart out of the husband's property, the failure on her part to include in the schedule the money or other personalty which was the subject of the gift would not invalidate the homestead unless it be affirmatively shown that the alleged gift was made in anticipation of the application and was the result of a collusive arrangement between the husband and wife to wilfully conceal the property from the creditors. Especially would such omission not affect the application when it appeared, as it did in the present case, that the wife had disposed of the property that had been given her before the filing of the application, and there was nothing to indicate that the property was given to her with a fraudulent intent, at least not so far as the application for a homestead was concerned. The creditors could have followed the property in the hands of the wife if they had seen proper to do so, and this was the extent of their rights under

the facts of the present record. The charge of the judge was in substantial accord with what is now ruled, and it was therefore not erroneous as claimed.

5. The motion for a new trial contained an assignment of error upon the following charge: "I further charge you, gentlemen of the jury, that if you find that it was not fraudulently left out, and not done to defraud creditors, and it was done in the utmost good faith on the part of the applicant, it would not void it, if you find that it was not left out for the purpose of defrauding creditors. It is for you to say whether or not it was intended to defraud creditors, if you find anything was left out." The objections to the charge were in the following language: "Articles could not have been left out in good faith. The omission of articles from the schedule and the failure to put them after their attention has been called to it, or any effort to do it, was in itself fraud, and it was not a question for the jury to say whether or not it was intended to defraud creditors; the fact of leaving out by itself is, under the law, a fraud, unless satisfactorily explained and the consequences repaired." The charge complained of contained a correct abstract proposition of law. See *Torrance* v. *Boyd*, 63 *Ga.* 23. The complaint is not that what is charged is not the law or not applicable to the case, but that another principle of law should have been charged in addition to what was charged. A failure to charge can not be taken advantage of in this way. See *Lucas* v. *State*, 110 *Ga.*

6. The bill of exceptions recites that one ground of the motion for a new trial was as follows: "Because the court failed to charge the jury to find whether any of the property had been left out from the schedule, and the legal effect of omitting such property from the schedule without placing it in by amendment or otherwise, when attention was called to it." And that "the court struck out this ground," and this action of the court is assigned as error. The matter stands thus: A motion for a new trial is presented to the judge, and he strikes out a ground which alleges that he failed to do a certain thing. This action on his part is equivalent to saying that he did not so fail, and is, in effect, a refusal to certify the ground. The ground, not being certified, can not be considered; and as the judge practically says that the statement in the ground is not true, of course

he did not err in refusing to certify the ground. The point sought to be raised in this ground is the one which the movant attempted to raise in the ground of the motion dealt with in the preceding division of this opinion.

7.. Error is assigned upon the following charge: "If you find that there has been any personal property left out fraudulently, as I have instructed you to mention it, and say that we the jury find that such and such personal property is left out fraudulently." This charge was error, for the reason that the jury should have been instructed to return a verdict finding first whether any of the property described in the objections should have been embraced in the schedule; and second, if so, was the applicant guilty of a wilful fraud in concealing the same. The error was, however, harmless in the present case, for the reason that the evidence demanded a verdict that none of the property mentioned in the objections should have been embraced in the schedule.

8. The request to charge which was refused was covered by the general charge in almost the language of the request. On one of the main issues in the case, the evidence, as has been seen, demanded a verdict in favor of the applicant. A verdict in her favor on all of the issues was warranted, and there was no error which required the granting of a new trial.

*Judgment affirmed. All concurring, except Fish, J., absent.*