## SOUTHERN RAILWAY COMPANY *v.* BROWN *et al.*

Where an attachment sued out by a creditor of a non-resident railroad company is levied upon one of its freight-cars standing idle and empty in this State, upon the spur-track of another railroad company, which under a contract with such owner is in possession of such car, with a right to use, load, and send it beyond the limits of this State, and an order has been obtained to sell such car after ten days' notice, *held*: Upon the hearing of an application for injunction by the company having such possession, to prevent the sale of such car, it is not error to grant such injunction conditioned upon the plaintiff giving bond in a named sum to return the car to the proper officers of court after its right to use the car under such contract has expired.

Argued October 28, 1907.—Decided August 12, 1908.

Injunction. Before Judge Pendleton. Fulton superior court. June 6, 1907.

*Dorsey, Brewster, Howell & Heyman* and *L. C. Rucker,* for plaintiff.

*Berner, Smith & Hastings,* for defendants.

HOLDEN, J. Charles Brown, one of the defendants, had an attachment issued against the Mobile and Ohio Railroad Company, upon the ground that it was a non-resident of this State, and had it levied upon a freight-car belonging to said company in the possession of the plaintiff. An order was obtained by Brown to sell the car, because of its being expensive to keep. The attachment proceedings were returned to the city court of Atlanta. The plaintiff sought to enjoin the levy and sale and interference with its possession and use of the car. Upon the hearing the court granted the injunction, provided the plaintiff would give bond in the sum of $1,000, conditioned to return the car to the officers of court after its right to use the same had expired under the contract attached to the petition and under which contract the plaintiff claimed to have held the car. In this judgment the plaintiff was given three days within which to give the bond, during which time the restraining order previously granted was continued in force. To this judgment the plaintiff excepted. Upon the hearing the plaintiff introduced the following evidence: A written agreement between it and the Mobile and Ohio Railroad Company and other railroads, by virtue of which one road had the right to use the cars of another, for a named charge for hire per day;

and when a car belonging to one railroad company came into possession of another, such road had the right to hold and use the same in accordance with certain specifications set forth in the contract, and in such use had a right to send it out of the State. The plaintiff operates under the interstate-commerce law, and at the time of the levy there was a large movement of freight over the lines of the company, and especially over the lines going out of the city of Atlanta. It was heavily taxed to provide cars for shipments, and on many occasions was unable to provide cars for such movements, and freight was frequently delayed because of the plaintiff's failure to have sufficient cars to meet the demand of shippers. Various roads interchange cars, and in this way cars become scattered all over the United States. The plaintiff now needs all of its cars and the cars of other roads in its possession. The levy will result in delay to its business, and compel it to hold over freight because of its inability to use the car levied upon. The defendant offered evidence to show that the car when levied upon was empty and on a spur-track of the plaintiff in Atlanta, Ga. The spur-track connected with other tracks only at one end, and this car was the last car on the spur-track nearest to the end not connected with another track. The car was standing empty and idle, and no goods were being loaded on it.

1. The plaintiff contends that it operates under the interstate-commerce law, doing an interstate business as a common carrier; that the seizure of the car and sale of the same would interfere with interstate commerce, and with the duties of the plaintiff and of the Mobile and Ohio Railroad Company to the public; that they could not use the car without losing control and jurisdiction over it; that the property of a common carrier can not be sold in piecemeal; that the proper way to collect a debt from it is a sequestration of the proceeds of its earnings; and that it was the duty of the plaintiff to protect the property of the Mobile and Ohio Railroad Company—another carrier—from illegal seizure. There have been many decisions upon the question as to whether or not the cars, engines, and other rolling-stock of a railroad company may be levied upon and sold. Some authorities hold that it can be done, and others that it can not. Many hold that it can only be done when the rolling-stock is not in actual use at the time of the levy. The car levied on in this case was not in actual use

at the time of the levy. Its seizure, therefore, at this time did not immediately interfere with the duties of either of the railroads· to the public, or with interstate commerce. If the seizure and sale of this one car might create such interference at some time in the future, it did not do this at the time of the seizure, as the car was then empty and idle. The fact that a creditor, in the prosecution of his rights to collect a debt by attachment of the property of his debtor, a non-resident railroad corporation which is a common carrier, may, by the levy and sale of an empty and idle freight-car of the debtor, incidentally affect future interstate commerce, will not render such proceeding illegal. If such empty and idle freight-car was not subject to levy in Georgia because it was an instrument of interstate commerce, it would not be subject to levy in the State of the residence of the Mobile and Ohio Railroad Company; because, if it is an instrument of interstate commerce, it would be such instrument in one place as well as another. A local corporation whose line did not extend beyond the State would likewise hold its rolling-stock immune from levy and sale if it permitted it to be used in interstate commerce and it was liable in the future to be so used, if the law were different from the rule above announced. One of the questions involved in this case was passed on by this court in the case of *Southern Flour and Grain Company* v. *Northern Pacific Railway Company*, 127 *Ga.* 626 (56 S. E. 742, 9 L. R. A. (N. S.) 853, 119 Am. St. R. 356). We have been requested to review and overrule this decision. However, we think the ruling there made is correct, and will not disturb it. We do not think the levy of an attachment against a non-resident railroad company on one of its freight-cars standing empty and idle on the spur-track of a railroad in this State is invalid; and a sale thereof can not be enjoined on the ground that such levy and sale are an interference with interstate commerce or the duties of a common carrier to the public, or on the ground that a part of the property of a non-resident railroad corporation serving the public as a common carrier can not be sold under attachment to pay its debts, but the collection of the debt should be made by the sequestration of the earnings of such non-resident corporation, or on any other ground referred to in the briefs of the counsel for the plaintiff. See the authorities referred to in the case cited supra; see also *City of Atlanta* v. *Grant,* 57 *Ga.* 340;

Drake on Attachments (7th ed.), §252a, p. 253; Kneeland on Attachments, §321, p. 237.

The fact that the plaintiff held the car under the contract referred to would not make the levy of the attachment on it illegal. If the plaintiff was a hirer of the property in question, the judgment of the court granting the injunction provided the plaintiff gave bond to return the car as provided for in the order was one of which the plaintiff can not complain in this case. Civil Code, §2913. An attachment can be levied on property of a debtor, though hired to another before the attachment is issued. There is nothing in the Civil Code, §2913, *preventing an attachment from being levied on such property*, and we know of no other statute having such effect.

*Judgment affirmed. All the Justices concur.*