## 16053.   CLARK MILLING CO. *v.* ST. LOUIS SOUTHWESTERN RAILWAY CO. *et al.*

1. The court can acquire no jurisdiction over a defendant's property by attachment without a valid levy or a seizure of his property by garnishment.

2. There is no appearance and pleading to the merits, such as will constitute a waiver of jurisdiction, where the appearance is solely for the purpose of contesting the jurisdiction, although the defendant styles it an "answer."

3. "Where a railroad company of this State receives from a railroad company in another State a car, under a contract by which the domestic company has the right to carry the car loaded to its destination in this State and unload it, and then to reload and return it to the owner beyond the limits of this State, paying for the use of the car, the right of the domestic company to the use of the car is superior to the right of an attaching creditor, who, without any other lien, seeks to subject the car to attachment by service of the summons of garnishment upon the domestic company; and, in the absence of appropriate equitable pleadings in a court with jurisdiction to render affirmative equitable relief, such car is not subject to the process of garnishment."

DECIDED APRIL 11, 1925.

Garnishment; from city court of Richmond county—Judge Black.   November 4, 1924.

Clark Milling Company of Augusta, Georgia, claiming a liability against the St. Louis Southwestern Railway Company, a nonresident, sued out an attachment against the railway company, and sought service through the process of garnishment.   A summons of garnishment was served upon each of five other railway companies, including the Central of Georgia Railway Company.   The defendant made the following appearance, which it denominated as a "plea."

"And now comes the defendant  .  . at this the appearance term, and says that this court ought not to have or take further cognizance of the suit above stated, for the following reasons:

"1.   That the St. Louis Southwestern Railway Company has no officer or agent in Georgia and does no business in this State, and for these reasons no jurisdiction has been acquired over the St. Louis Southwestern Railway Company, and no legal judgment can be rendered against said St. Louis Southwestern Railway Company.

"2.  That the attachment and garnishment in this case are but incidents to the main suit, and that unless the suit may be maintained by proper service on the defendant, his estate may not be impounded.

"3.  That this is a suit brought against the initial carrier of goods, under the Carmack amendment, and the remedy given against the initial carrier can be maintained only in a jurisdiction in which service can be had upon such carrier in a manner permissible in the courts of the United States.

"4.  That this attachment is not properly returnable to the August term, 1923, of the city court of Richmond county, Georgia."

The defendant had first filed pleading in language identical with the above except that on the outside covering was written the word "answer." This does not appear to have been stricken, nor was there any order of court allowing a substitution of the second pleading for the first one.

One of the garnishees, acting under a grant of further time, had not answered at the date of the judgment complained of. Answers were duly made by all the others, and that of the Central of Georgia Railway Company, being typical, contained a general denial of indebtedness, and further alleged, among other things, the following: That it had in its possession certain freight-cars belonging to the defendant, but that the same were not subject to the process of garnishment, because of a pre-existing understanding and agreement between the garnishee and the defendant to the effect that the cars "coming from a point without the State into the possession of the garnishee might be reloaded by the garnishee and used for the purpose of shipping, provided they were routed in such a way that the direction would carry them to the point whence they started; that, therefore, said garnishee acquired a right to use each of said cars of the defendant as it came into its possession."

The plaintiff having duly filed its declaration, the case was submitted to the judge upon the plaintiff's demurrers to the appearances filed by the defendant, and to the plaintiff's traverses of, and motions to strike, the answers of the garnishees. The traverses did not contest the existence of the agreements with respect to the use of the cars, and the plaintiff has not insisted that the garnishees had any money or property of the defendant subject to garnishment, except the cars. The demurrers brought into ques-

tion the sufficiency of the "plea" or "answer" as a special appearance, and sought to hold the defendant as upon a general appearance.

The court rendered judgment discharging the garnishees and dismissing the attachment, and the plaintiff excepted.

*Henry G. Howard, James S. Bussey Jr.,* for plaintiff.

*W. K. Miller, W. I. Curry, Cumming & Harper,* for defendants.

BELL, J. (After stating the foregoing facts.)

1. The court can acquire no jurisdiction over a defendant's property by attachment without a valid levy or a seizure of his property by garnishment. *Associated Press* v. *United Press,* 104 *Ga.* 51 (2) ; *Baker* v. *Aultman,* 107 *Ga.* 339 (1) (29 S. E. 869) ; *Massachusetts Bonding Co.* v. *U. S. Conservation Co.,* 31 *Ga. App.* 716 (122 S. E. 728) ; *United Provisions Corp.* v. *Board of Missions,* 33 *Ga. App.* 9 (1) (124 S. E. 820).

2. The defendant was not to be held as having appeared and pleaded to the merits merely because the pleading first filed was marked "answer," since it appeared therein that the very purpose of the appearance was to contest the court's jurisdiction. A pleading should be construed not simply by what it is called, but according to what it is. There being nothing, in either pleading filed by the defendant, that amounted to an appearance and pleading to the merits, the court did not acquire jurisdiction by waiver. Civil Code (1910), 5664; *Hall* v. *Roehr,* 10 *Ga. App.* 379 (2) (73 S. E. 550) ; *Epps* v. *Buckmaster,* 104 *Ga.* 698 (30 S. E. 959).

3. Upon the question whether there was seizure under the garnishments, the case is controlled by the following ruling of the Supreme Court, in *Southern Flour & Grain Co.* v. *Northern Pacific Ry. Co.,* 127 *Ga.* 626 (1) (56 S. E. 742, 9 L. R. A. (N. S.) 853, 119 Am. St. Rep. 356, 9 Ann. Cas. 437) : "Where a railroad company of this State receives from a railroad company in another State a car, under a contract by which the domestic company has the right to carry the car loaded to its destination in this State and unload it, and then to reload and return it to the owner beyond the limits of this State, paying for the use of the car, the right of the domestic company to the use of the car is superior to the right of an attaching creditor, who, without any other lien, seeks to subject the car to attachment by service of the summons of garnishment upon the domestic company; and, in the absence

of appropriate equitable pleadings in a court with jurisdiction to render affirmative equitable relief, such car is not subject to the process of garnishment." The plaintiff contends that this decision is in conflict with *later* adjudications, and also that, for several reasons, it is not sound, and has requested this court to certify to the Supreme Court the question whether it should be followed. But since the Supreme Court, in *Southern Railway Co.* v. *Brown,* 131 *Ga.* 245 (62 S. E. 177), expressly refused to review and overrule it, we will decline the request to certify.

Neither can we assent to the proposition that the decision in the *Southern Flour & Grain Company* case is superseded by the subsequent ruling of the Supreme Court of the United States in Davis *v.* Cleveland &c. Ry. Co., 217 U. S. 157 (54 L. ed. 708 (4)). In the first place, the ruling quoted above does not deal with a federal question, but is confined to an enunciation of the law of this State. While the liability claimed against the defendant is under the amended interstate commerce act, the final interpretation of which is for the Supreme Court of the United States (*American Ry. Express Co.* v. *Roberts,* 28 *Ga. App.* 510 (3), 111 S. E. 744), we have for decision in this connection only the question as to what is subject to garnishment under the local law. In the second place, the federal decision relied upon by the plaintiff in error does not hold anything contrary to the adjudication in the *Southern Flour & Grain Company* case. The point decided, so far as here apropos (see the decision and judgment then under review, 146 Fed. 403), was that the enforcement of the local garnishment laws of the State of Iowa, where the case originated, was not, under the particular facts shown, an unwarranted interference with interstate commerce. On this question see also Davis *v.* Farmers Co-operative Equity Co., 262 U. S. 312 (67 L. ed. 996, 43 Sup. Ct. 556); Atchison &c. Ry. Co. *v.* Wells, 265 U. S. 101 (68 L. ed. 928, 44 Sup. Ct. 469) 1923-1924, p. 532; *Southern Flour & Grain Co.* v. *Northern Pacific Ry. Co.,* supra.

We hold that the trial court did not err in discharging the garnishees and dismissing the attachment.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*