### 16972. ALDAY *v.* SPOONER.

In a proceeding by the head of a family to have a homestead set apart to him under the Civil Code (1910), §§ 3377 et seq., where a creditor filed objections, one of which was an objection to the schedule for want of sufficiency and fullness, in that the applicant had omitted certain personalty which ought to have been scheduled, and where the ordinary rendered a judgment setting apart the homestead as applied for, appeal to the superior court was an available remedy to the creditor.

DECIDED JULY 20, 1926.

Appeal; from Seminole superior court—Judge Yeomans. October 20, 1925.

*M. E. O'Neal, A. B. Conger,* for plaintiff in error.

*J. T. Goree, H. A. Wilkinson,* contra.

BELL, J. J. J. Spooner filed in the office of the ordinary of Seminole County an application for a homestead under the Civil Code of 1910, §§ 3377 et seq. The application was accompanied by the usual schedule. The ordinary signed an order to the county surveyor of an adjoining county to lay off the homestead and to make a plat of the same, and issued a citation, specifying a day for the hearing. On that day, the surveyor having made a return, Mrs. Henrietta Alday, a creditor, made an appearance, which, besides the caption or title and certain parts which are not here material, was as follows: "Now comes Mrs. Henrietta Alday and . . files these her objections to the homestead, and objects thereto for the reasons: . .

Homestead, 29 C. J. p. 818, n. 1 New.

"3rd. For the reason that the life-estate of J. J. Spooner in and to the property claimed by him as exempt is far in excess of sixteen hundred dollars, as the property claimed as exempt is one thousand acres, and it is reasonably worth the sum of three dollars per acre per year rental, or three thousand dollars per year, and that the life-expectancy of J. J. Spooner, who is seventy-seven years of age, according to the Carlisle Mortality Tables as set forth in 70 Georgia Reports, page 845, is six and forty one-hundredths (6.40) years, making his life-estate of the value of nineteen thou-sand two hundred dollars.

"4th. And for further reason that the said J. J. Spooner fraudulently omitted from his schedules a list of his property and assets, in that the said J. J. Spooner failed to schedule the crops growing on his life-estate, which objector shows to be of the reasonable value of two thousand dollars; and the said J. J. Spooner failed to schedule the rents that are due him from tenants on his life-estate, which objector alleges to be the sum of five hundred dollars; and the said J. J. Spooner failed and refused to schedule a large amount and number of promissory notes due him by his sons and son-in-law, said notes amounting to more than ten thousand dollars; and the said J. J. Spooner failed and refused to schedule the salary due him by his wife for managing her estate and property, and failed and refused to schedule other property owned by the said J. J. Spooner; and the said J. J. Spooner failed to schedule his bank stock in the Bank of Donalsonville, and two shotguns, one rifle, and two pistols.

"5th. And for the further reason that there has been no surveyor's plat as required by law, nor is the same attached to the application. And for all of said reasons the said J. J. Spooner is not entitled to the homestead applied for in said case."

The ordinary appointed appraisers to "examine the said property concerning which the objection is made, and to value the same, and to make a return" of their findings. Their return as subsequently made was favorable to the applicant, and the ordinary approved it. Mrs. Alday thereupon filed an appeal to the superior court. The appeal was dismissed by the superior court, on the ground that certiorari and not appeal was the proper remedy, and Mrs. Alday excepted. Before dismissing the appeal the court allowed Mrs. Alday to amend her objections by adding to paragraph

3 the following: "That the value of the premises so platted in the survey is far in excess of the amount set out by the surveyor, and is worth $19,200 in truth and in fact; and objector objects to said valuations as made by the surveyor of the value of the premises so platted." The correctness of the judgment complained of will depend upon the nature of the objections filed with the ordinary.

Section 3386 of the Code of Georgia (1910) provides: "Should any creditor of the applicant desire to object to said schedule, for want of sufficiency and fullness, or for fraud of any kind, or to dispute the valuation of said personalty, or the propriety of the survey, or the value of the premises so platted as the homestead, he shall, at said time and place of meeting, specify the same in writing." An appeal to the superior court from the judgment of the ordinary, setting apart or refusing to set apart a homestead, is an available remedy where the creditor has filed one of the objections provided for in this section. *Fontano* v. *Mozley,* 121 *Ga.* 46 (48 S. E. 707). Counsel for plaintiff in error point out that the objections in this case were to the "homestead" and not to the "schedule." Section 3388 does not provide exclusively for objections to the schedule. The creditor is not required to object to the schedule, if he desires to dispute "the propriety of the survey, or the value of the premises so platted as the homestead." (Whether this is also true where the creditor desires to "dispute the valuation of said personalty" is a question not involved in the present case.) It is not the duty of an applicant for a homestead to value the land embraced in his schedule, but that duty devolves upon the surveyor, whose action is subject to review by the appraisers. *Wood* v. *Collins,* 111 *Ga.* 32 (3) (36 S. E. 423). It follows that an objection to the schedule because of an alleged improper valuation by the applicant of the realty therein described would be futile to raise any issue for determination. Paragraph 3 of the creditor's appearance raised no objection *to the schedule* upon any ground provided for, nor did it dispute the propriety of the survey, or the value of the premises as platted by the surveyor. Paragraph 5 alleged "that there has been no plat as required by law, nor is the same attached to the application." It thus appears that the creditor's paragraph 3 made no objection which can be classified as coming within the purview of section 3386. The amendment which was made to this paragraph can

not help the matter, because the question of whether appeal was the proper remedy must be determined by the nature of the case at the time the appeal was taken. If the case was not appealable when the appeal was filed, it could not be made so by a subsequent amendment. So we agree with counsel for defendant in error, so far as the objection to the valuation is concerned. If no other objection had been made, it would have been proper to dismiss the appeal.

We can not concur, however, in the proposition that the objection made in the creditor's paragraph 4 is not one of those contemplated by the section just referred to. While the pleading filed by Mrs. Alday recited that she was making "objections to the homestead," it specified as one of the grounds thereof that the applicant "omitted from his schedules a list of his property and assets," in that he "failed and refused to schedule," besides other property, promissory notes amounting to more than $10,000, due him by his "sons and son-in-law." When the pleadings are construed as a whole, it appears to make objection to the schedule "for want of sufficiency and fullness," charging that the applicant had omitted property which ought to have been scheduled; and this is one of the objections which is provided for by section 3386. See *Wood* v. *Collins,* supra; Civil Code (1910), § 3380. The purpose of *an objection to the schedule* for want of sufficiency and fullness is to prevent the allowance of the homestead (Civil Code (1910), § 3378 (3)), and it does not fail as an objection under § 3386 merely because it may be described as an "objection to the homestead." "A pleading should be construed not simply by what it is called, but according to what it is." *Clark Milling Co.* v. *St. Louis Southwestern Railway Co.,* 33 *Ga. App.* 660 (2) (127 S. E. 783). The creditor, having made one objection under section 3386, was entitled to appeal from the judgment of the ordinary to the superior court. The court erred in dismissing the appeal.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*