DOOLY, administrator, <em>v.</em> MILES.

1. While ordinarily a summons of garnishment returnable to a justice's court, and served only by leaving it at the most notorious place of abode of the garnishee, does not bind him to appear and answer at the time and place mentioned therein, yet if, notwithstanding such defective service, the garnishee appears and being in open court sworn makes answer admitting such indebtedness, the court by such appearance acquires such jurisdiction of the person of the garnishee as will enable it to render a valid judgment against him; nor does the mere fact that he has failed to reduce his answer to writing affect either the jurisdiction of the court thus acquired or the judgment. If the plaintiff is content with an answer under oath, orally delivered, and does not seek to traverse it, the defendant will be estopped thereafter to set up the irregularity of his answer as affecting the judgment.

2. An execution issued upon such a judgment can not be arrested by an affidavit of illegality resting upon facts existing prior to its rendition.

Submitted June 24, — Decided July 14, 1897.

Certiorari. Before Judge Kimsey. Habersham superior court. March term, 1896.

An execution from a justice's court in favor of Dooly against W. F. Miller, and J. H. Miles garnishee, from a judgment of February 16, 1894, was levied on November 30, 1894. Miles interposed an affidavit of illegality on the following grounds: (1) There was never any personal service of the summons of garnishment upon defendant as required by law. (2) Deponent never submitted any answer in writing to said garnishment so that the court could take action and render judgment for plaintiff against deponent. (3) The court rendered judgment against the defendant in attachment and this deponent at the same time, which makes the judgment against deponent void. (4) The judgment is rendered against the defendant in attachment and this deponent as garnishee jointly, and the fi. fa. issued accordingly. (5) The justice who rendered the

judgment was disqualified at the time of rendering it, on the ground of relationship by affinity to this deponent.

On the trial, after introduction by the plaintiff of the execution, defendant introduced the affidavit and attachment and entries thereon, upon which the judgment and fi. fa. were founded, the affidavit alleging an indebtedness by Miller to plaintiff, and that Miller was absconding and concealing himself. This affidavit and the attachment were dated January 20, 1894, and thereto was attached the usual bond provided by law. Upon the attachment was an entry signed by W. L. Taylor, L. C., of service of the summons of garnishment upon J. H. Miles, by leaving it at his most notorious place of abode, January 20, 1894. Defendant also introduced the judgment of plaintiff against Miller, from the justice's court docket, the case being entered thereon as that of T. J. Dooly against W. F. Miller, showing the issuance of attachment and the constable's entry of service of garnishment, as before stated, and further showing the entry of judgment in favor of plaintiff against defendant for sum in the hands of J. H. Miles, February 16, 1894, signed by the justice. Also, another set of entries upon the docket, stating the case of T. J. Dooly against W. F. Miller non-resident, and J. H. Miles garnishee, showing the issuance of summons on January 20, 1894, and the constable's entry of service of garnishment of the same date, followed by a statement that "J. H. Miles answers indebted $25.00 under oath; it is there ordered that judgment in favor of plaintiff against defendant, J. H. Miles garnishee, upon answer"; this being dated February 16, 1894, and signed by the justice.

Plaintiff testified that he was present when the judgment was rendered from which the fi. fa. levied was issued, and that Miles also was present. He offered to swear that Miles made his answer to the summons of garnishment, verbally under oath, that he was indebted to Miller $25.00. Upon objection the justice ruled that defendant would have had to make his answer in writing, before judgment could have been taken against him as garnishee.

A verdict was rendered sustaining the affidavit of illegality.

By certiorari plaintiff alleged that the justice erred in sustaining the objection to his testimony as before stated; and that the verdict is contrary to law, for the reasons that the grounds of illegality were not sufficient in law to base the verdict upon. The certiorari was dismissed, and plaintiff excepted.

J. C. Edwards, for plaintiff.

SIMMONS, C. J.    The code requires that when a summons of garnishment is issued, the officer shall serve it upon the person of the garnishee; which we think means that it shall be served personally and not left at his residence or most notorious place of abode.    This is done to give the garnishee actual notice of the summons, in order that he may obtain it in time and file his answer in accordance therewith.    If left at his residence or place of abode in his absence, he might fail to receive it and fail to make answer, and a judgment would be rendered against him when he might not be indebted to the defendant in the suit or judgment.    Notwithstanding this, if the garnishee does receive the summons and appears at the term of court to which it is returnable, and, failing to file a written answer, deposes orally in court that he is indebted to the defendant in the suit or judgment, and the plaintiff does not require a written answer but is satisfied with the one given orally and does not traverse it, and a judgment is then entered against the defendant in the suit and the garnishee for the amount the latter admits to be due, the garnishee is estopped thereafter to set up the irregularity of his answer as affecting the judgment.    He can not afterward complain either that he failed in his duty to file a written answer or that he was not served personally with the summons of garnishment.    He should have insisted upon these points at the time he appeared.    He can not by his conduct thus mislead the court and damage the plaintiff.    After a judgment has been thus entered up against him and execution issued thereon, he can not go behind this judgment by filing an affidavit of illegality thereto, based upon facts which existed and were known to him prior to the judgment.    The magistrate erred in excluding the testimony offered, and the judge of the superior court erred in dismissing the certiorari.

*Judgment reversed.    All the Justices concurring.*