## 108. CRANFORD v. DUNSON & BROTHERS COMPANY.

1. Where the verdict of the jury is against the right of the claimant to property in the hands of the garnishee, this court will not pass upon exceptions to the ruling of the court on the sufficiency of the claimant's bond, or as to the claimant's right to have the fund paid over to her on giving bond to dissolve the garnishment. Unless the verdict was wrong on the merits, it would be useless to decide these preliminary questions.

2. A written acknowledgment of service of a summons of garnishment by the garnishee is sufficient. But even if such acknowledgment of service was not sufficient, exception to it on this ground would not be well taken by the claimant after the garnishee had appeared and answered the summons, and the claimant had given a bond to dissolve the garnishment.

3. The issue made by the claim to the property in the hands of the gar-nishee was one of title, and the verdict finding the garnished property subject to the garnishment was correct as to form, and was fully supported by the evidence.

Claim, from city court of LaGrange—Judge Harwell. January 19, 1906.

Submitted February 18,—Decided February 28, 1907.

*Gaffney & Jones,* for plaintiff in error. *Hatton Lovejoy,* contra.

HILL, C. J. J. E. Dunson & Brothers Company had a summons of garnishment issued on a suit brought by them against Andrew Cranford, and this summons was served on J. E. Hudson. The garnishee acknowledged service of the summons, in writing, and filed an answer that property and money were in his hands be-longing to the defendant. Jane Cranford, wife of the defendant, claimed the property in the hands of the garnishee, and executed bond for the purpose of dissolving the garnishment. She also filed a traverse to the answer of the garnishee.. When the case came on for trial, the claimant stated to the court orally that inas-much as she had given the bond to dissolve the garnishment, she asked that the money in the hands of the garnishee be paid over to her. On an issue as to the sufficiency of the bond, the court held that the bond was not sufficient; to which exceptions were taken pendente lite by the claimant. The court made no ruling on the motion of the claimant (so far as the record discloses) to have the money in the hands of the garnishee paid over to her. The claimant further moved to dismiss the garnishment proceed-ings, on the ground that there was no return by an officer show-ing service of the summons of garnishment, and that the acknowl-edgment by the garnishee, of the service of the summons of gar-

nishment, was not sufficient. The court overruled this motion, and the claimant excepted. On the close of all the evidence in the case, the claimant made a motion to the court to direct a verdict in her behalf, on the ground that the acknowledgment of service of the summons of garnishment by the garnishee was not sufficient, as the law requires that such service should have been made by some proper officer. This motion was refused by the court, and the claimant excepted. The case went to the jury on the issue on the claim and the traverse to the garnishee's answer, filed by the claimant, and the jury found against the traverse of the claimant, and also found the garnished property subject to garnishment. The claimant filed a motion for a new trial, assigning error in the judgment of the court overruling each of her above specified motions on the grounds as therein stated, and also on the usual and formal grounds. The court overruled the motion, and the claimant sued out a writ of error to this court.

1. We do not think it necessary to decide the question made by the motion of the claimant, that the court should have required the property in the hands of the garnishee to be paid over to her, she having given bond to dissolve the garnishment; nor do we think it material to decide on the correctness of the ruling made by the court, that the bond was not sufficient. A decision on these questions is rendered unnecessary by the fact that the jury found a verdict against the right of the claimant to the property in question. Unless this verdict is erroneous on the merits of the claim case, it would be useless to decide whether the claimant was entitled to have had the money caught by the garnishment paid over to her, on the execution of her bond to dissolve the same.

2. We think that the garnishee's acknowledgment of the service of the summons of garnishment was sufficient. The service of such original summons on the garnishee by an officer was a matter in which the garnishee was interested, and he had a right to waive such service, and, in lieu thereof, to make an acknowledgment of service on the original summons. Civil Code, §4983; *Dooly* v. *Miles,* 101 *Ga.* 797. But even if the garnishee did not have such right, the fact that he afterward appeared in court and made an answer to said summons of garnishment, on the merits, admitting in such answer property and money in his hands, would be a waiver of any objection to the sufficiency of such service. Certainly the

claimant could not object to the sufficiency of such service after giving a bond to dissolve the garnishment, and asking the court to pay over to her the money and property disclosed by the answer of the garnishee. Civil Code, §4981.

3. The direction of a verdict for the claimant was properly refused. As above decided, the garnishee had the right to acknowledge service of the summons of garnishment. In any event, this was not a matter that concerned the claimant. The issue made by the traverse of the answer of the garnishee by the claimant being as to whether the property in his hands belonged to the defendant in fi. fa., and the issue between the plaintiff in fi. fa. and the claimant being one of title to said property, the verdict of the jury finding against such traverse, and further that the property garnished was subject to garnishment, was in form correct; and it was fully supported by the evidence.          *Judgment affirmed.*