12994, 12995. MASSACHUSETTS BONDING & INSURANCE CO. *v.* UNITED STATES CONSERVATION CO. *et al.;* and *vice versa.*

STEPHENS, J. 1. " Where an attachment is sued out and garnishment issued thereon, if the plaintiff fail to recover, the defendant may, in an action upon the attachment bond, recover as damages reasonable attorneys' fees expended in defense of the attachment proceedings, interest upon money held up by garnishment pending the attachment, and as well such other reasonable and necessary expenses as may be incurred by him in the vindication of his rights." *Fourth National Bank* v. *Mayer,* 96 *Ga.* 728 (24 S. E. 453). The petition, therefore, in so far as it sought to recover such items of damage, was good against the demurrer, and to this extent the demurrer was properly overruled.

2. Any estimated loss which the defendant in attachment might have sustained by virtue of lost profits arising out of a possible contract which the defendant might have made with a third party is too uncertain, speculative, and remote to be an element of damage resulting from the wrongful issuance of the attachment. An estimated loss alleged to have been suffered by the defendant as a result of being forced to dispense with the services of a competent and efficient agent who was thoroughly cognizant of the affairs of the defendant's business, by reason of the process of garnishment and attachment being served upon such agent and thus impounding all monies and properties belonging to the defendant which would fall into the hands of such agent, is also too uncertain, speculative, and remote to be an element of damage resulting from the wrongful issuance of the attachment. Therefore so much of the petition as sought to recover against the party suing out the attachment and his surety on the attachment bond upon such speculative and remote items of damage was subject to the demurrer and properly stricken.

3. The petition, properly construed, alleged that the moneys impounded by the garnishment were the property of the plaintiff, who was the defendant in attachment.

4. In a suit against the principal and the surety on an attachment bond by the defendant in attachment, where the attachment bond appears upon its face to have been executed by another in behalf of the principal,· it is prima facie the obligation of the principal, and the suit is not subject to demurrer upon the ground that the authority of the agent to execute the attachment bond in behalf of the principal does not appear. Especially is there no merit in the demurrer upon this ground when there is attached to the petition not only a copy of the attachment bond sued upon, but a copy of the affidavit upon which the attachment issued, which affidavit was made by the person executing the bond as agent for the principal, and contains therein a sworn allegation to the effect that such person is the duly authorized agent of such principal. The name Geo. E. Cox, signed to the affidavit, is presumably that of the person signing the bond, by the name of " Cox," for the principal. Besides, the bond being apparently regularly executed, any defect in the form of its execution should have been objected to by special demurrer; and since such objection was not so made by special demurrer so far as this ground is concerned the court did not err in overruling the general demurrer.

5. What is said in the last paragraph above disposes of a similar ob-·jection raised to the execution of the bond by one as agent or attorney in fact for tne surety.

*Judgment affirmed on both bills of exceptions. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1922. REHEARING DENIED SEPTEMBER 30, 1922.

Action on bond; from city court of Atlanta — Judge Reid. September 24, 1921.

Application for certiorari was denied by the Supreme Court.

*Dodd & Dodd,* for Massachusetts Bonding &c. Co.

*Jones, Evins & Moore, L. C. & J. L. Hopkins, Spalding, Mac-Dougald & Sibley,* contra.