### 14119.  COLLINS *et al. v.* MYERS.

Where the plaintiff in a suit upon which garnishment was issued fails to recover, the defendant may, in an action on the garnishment bond, recover as damages the premium on, and expenses paid in procuring, a bond to dissolve the garnishment, and reasonable attorney's fees, where these expenses were necessarily incurred in vindicating his rights.

(a)  "Such reasonable attorney's fees may be recovered where the liability has been incurred, even though they have not actually been expended before the trial of the suit on the attachment bond."

DECIDED APRIL 11, 1923.

Action on bond; from city court of Savannah — Judge Freeman. September 23, 1922.

J. S. Collins sued Sigo Myers for $21,335, and, desiring to have summons of garnishment issued, gave the bond sued on in this case, which is conditioned substantially as provided by section 5268 of the Civil Code (1910), the condition of the bond being as follows: "Should the plaintiff pay to the said defendant all cost and damages that may be sustained by said defendant in consequence of suing out said garnishment in the event that plaintiff

fail to recover in said suit, . . then this bond to be void." In order to get the use of his money, Myers was forced to employ an attorney and give a bond to dissolve the garnishment. The original suit against Myers was decided in his favor. He then demanded that Collins pay him $250 as attorney's fees, $300 as premium on the bond to dissolve the garnishment, and $10.36 expenses necessarily incurred in procuring the bond. Collins refused to pay these sums, and Meyers sued him as principal and Carl Mendel and John E. Foy as sureties on the bond given to secure the issuance of the summons of garnishment. No plea was filed, and a verdict and judgment were rendered against all the defendants. At the same term a motion in arrest of judgment was filed, on two grounds: (1) "No cause of action is set out against these defendants;" (2) "the plaintiff is not entitled to recover the amounts sued for as costs and damages." The judge overruled the motion, and Collins excepted.

*Lawrence & Abrahams, George H. Richter,* for plaintiff in error.

*Jacob Gazan,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The judge did not err in overruling the motion to arrest the judgment. The case of *Mumford* v. *Solomon,* 8 *Ga. App.* 286 (68 S. E. 1075), which originated in a justice's court, is quite similar to this one, as we find from an examination of the original record. In that case suit was brought on a garnishment bond conditioned as was the one in this case. Solomon having failed in his original suit, Mumford sued on the garnishment bond. On proof that he had employed an attorney to represent him in the garnishment case and had paid the attorney $20 and was still due him $10, the justice of the peace rendered a judgment in favor of the plaintiff. Solomon procured a writ of certiorari, the judge of the superior court sustained the certiorari, and Mumford excepted. The Court of Appeals reversed the judgment, holding (p. 287) that "the plaintiff asked for nothing more than the damages which the bond covenanted he should receive in the event there was a breach," and that (p. 288) "the evidence sustained the judgment of the justice's court, because the fact that the plaintiff had assumed a liability of $30 for attorney's fees was not disputed." Here is a direct ruling that attorney's fees in a suit like this can be recovered as "damages."

In addition to the above, the condition of a bond to secure an attachment is as follows: " The party seeking the attachment, before the same issues, shall also give bond, with good security, in an amount at least double the debt sworn to, payable to the defendant in attachment, conditioned to pay such defendant all damages that he may sustain, and also all costs that may be incurred by him in consequence of suing out the attachment, in the event the plaintiff shall fail to recover in said case." This condition is substantially the same as that of the bond in this case. In the case of *Fourth National Bank* v. *Mayer,* 96 *Ga.* 728 (24 S. E. 453), the suit was on a statutory bond given to indemnify the defendant in an attachment case, against damages sustained by him in consequence of a wrongful suing out of an attachment. The Supreme Court in that case said: " According to the terms of the bond itself, the only condition precedent to a recovery thereon is that the plaintiff, the obligor in the bond, should have failed in this suit. If he fail to maintain his action, and fail to pay the damages *sustained* and the costs *incurred,* the breach of his bond is complete, and he instantly becomes liable upon its covenant for all damages which the obligee may *sustain,* and all costs that he may have *incurred* in consequence of suing out the attachment. . . In the present case the defendant sued out an attachment, caused it to be levied by garnishment upon certain money of the plaintiff, and failed ultimately to recover. This constitutes a breach of the bond and authorizes a judgment, within the penalty of the bond, against the defendant and his sureties for all damages which the plaintiff *sustained* and all costs which were *incurred* by him in consequence of the suing out of the attachment. Such damages would necessarily include interest upon money held up by the garnishment proceeding pending the attachment. They would include reasonable attorneys' fees necessarily expended by the defendant in the defense of the attachment proceeding, and as well such other reasonable and necessary expenses incident to the litigation as might be incurred by him in the vindication of his rights." In *Oakes* v. *Smith,* 121 *Ga.* 317 (1, 2) (48 S. E. 942), the Supreme Court held: " Where an attachment has been dismissed and a suit is brought on the bond, the plaintiff is entitled to recover reasonable attorney's fees for defending the attachment suit, together with such other damages as were proximately oc-

casioned by the levy on the plaintiff's property. *Fourth National Bank* v. *Mayer, 96 Ga.* 728. Such reasonable attorney's fees may be recovered where the liability has been incurred, even though they have not actually been expended before the trial of the suit on the attachment bond."

From the foregoing rulings it is clear that all the damages sued for in this case were "proximately occasioned" by the suing out of the garnishment; and the judgment overruling the motion in arrest of judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*