14556.  MASSACHUSETTS BONDING & INSURANCE CO. *et al. v.* UNITED STATES CONSERVATION CO.

1.  Where no property of the defendant in attachment is seized either by a direct levy or by garnishment issued on the attachment, there is no attachment, and therefore the defendant in attachment cannot recover on the statutory bond given by the plaintiff under section 5057 of the Civil Code (1910).

2. A recovery upon the bond is limited to damages sustained and costs incurred in consequence of the attachment suit,—that is, the suit which is created by the levy,—which includes expense and costs incurred in defending against the attachment, but does not include any expense or costs incurred in defending or prosecuting any ancillary issue to which the defendant in attachment is not a party, or in adjusting and handling his business so as to prevent its being interfered with by any additional levies. Where no levy is made, and there is therefore no attachment suit, no recovery on the bond can be had for any expense or costs incurred by the defendant in attachment in voluntarily appearing and filing an answer and in defending the suit as at common law.

3. It being essential to the right of recovery on the attachment bond that the property actually seized under the attachment belong to the defendant in attachment, the record in the attachment proceeding is not, in a suit to recover on the bond, conclusive as to the title to property actually seized or levied upon. The true status as to the title of the property seized may be shown.

4. Where the local agents for the defendant in attachment made declarations within the scope of their authority, in representing the defendant in attachment in matters pertaining to the pending litigation, or such declarations were made at the instigation of the defendant in attachment through an authorized attorney at law of the latter, contained in an answer to a summons of garnishment issuing on the attachment and served upon the agents, or contained in a claim filed by the agents to funds caught in the hands of another garnishee, by garnishment issuing on the attachment, or contained in a traverse to the answer of such other garnishee, or elsewhere, which were all to the effect that the funds caught by garnishment in the hands of the other garnishee, and which the latter in its answer had alleged to be the property of the defendant in attachment, were not in fact the funds of the defendant in attachment, but belonged to the claimant, the declarations were relevant and admissible in evidence as declarations binding upon the principal, made by the agent when acting within the scope of the agent's authority. In a subsequent suit by the principal to recover upon the attachment bond, such declarations were relevant and admissible in evidence as admissions against the principal that the funds caught by garnishment were not in fact the property of the defendant in attachment, and the exclusion of such evidence was error.

5. Any admission which the defendant in attachment may have made in his plea filed in the attachment suit, not germane to a matter then in issue, is not conclusive against him as an admission in judicio, and does not amount to an estoppel in a subsequent suit by him against the plaintiff in attachment to recover on the bond.

6. Whatever legal defense, if any, may have been set out in the defendant's plea, which was stricken on demurrer, having been fully put in issue by the petition and the answer, the striking of the defendant's plea on demurrer was harmless.

DECIDED FEBRUARY 28, 1924.

Action on bond; from city court of Atlanta—Judge Reid. March 31, 1923.

Upon a bond executed under section 5057 of the Civil Code (1910), as the basis for the issuance of an attachment, suit for damages because of the attachment was brought by the United States Conservation Company against Allen, as principal, and the Massachusetts Bonding Company as surety. The petition alleges, among other things: that the defendant Allen sued out an attachment against the plaintiff, giving the statutory bond required; that upon the attachment summons of garnishment was served, and a certain sum of money belonging to the plaintiff was caught in the Fulton National Bank; that Allen, as plaintiff in attachment, failed to recover in the attachment suit, and that thereby the plaintiff was damaged, etc.; that the bond was thereby breached, thus rendering the plaintiff in attachment and his surety liable for the damages thus sustained. The defendants in their answer denied generally the allegations of the petition, but by amendment they alleged that no property belonging to the plaintiff was seized under the attachment; that the plaintiff, in filing an answer in the attachment proceedings, did so voluntarily, and not as the result of any seizure of the plaintiff's property under the attachment, thus converting the action into one as at common law, and that any expense incurred by the plaintiff in defending the suit by reason of the appearance thus made was not a result of the issuance of the attachment or of any seizure of the plaintiff's property, but was solely the result of the plaintiff's voluntary appearance and pleading in the case; that the answer of the plaintiff as defendant to the declaration in attachment amounted to a denial that any property of the plaintiff had been seized by the attachment, which denial constituted an admission in judicio, and that the plaintiff was by reason of such denial estopped from now alleging that its property had been seized under the attachment. The answer contained allegations to the effect that the funds in the Fulton National Bank, which the plaintiff in his petition alleged were caught by the garnishment, were claimed by a third person at the instance of the plaintiff, and that for this reason the plaintiff is estopped from now asserting that the funds in the bank when caught by the garnishment were the funds of the plaintiff. This amendment was demurred to by the plaintiff generally, upon the ground that the matters pleaded therein constituted no defense to the suit; and was demurred to specially upon the ground that the allegation as to the effect of the an-

swer filed in the attachment proceedings was a mere conclusion of the pleader. These demurrers were sustained and the amendment stricken and dismissed. The trial of the case resulted in a verdict for the plaintiff. The defendants, after preserving exceptions pendente lite to the order sustaining the demurrers to the amendment to the plea, moved for a new trial upon the general grounds and various special grounds, among them being exceptions to the exclusion of certain evidence offered by the defendants, tending to establish as a fact that the property seized under the attachment was not in fact the property of the defendant in attachment. The motion was overruled, and the defendants, in their bill of exceptions, assign error on the exceptions pendente lite and upon the judgment overruling their motion for a new trial.

*Dodd & Dodd, Spalding, MacDougald & Sibley,* for plaintiffs in error.

*Jones, Evins & Moore, L. C. & J. L. Hopkins,* contra.

STEPHENS, J. (After stating the foregoing facts.)

1. One against whom an attachment is sought, although none of his property has been actually seized by a levy, may sustain serious financial damage as a result of the mere pendency of the initiatory process created by the filing of the affidavit and bond for attachment. It does not follow, however, that for such he can recover upon the statutory bond required of the plaintiff in attachment under the Civil Code (1910), § 5057. The liability upon the bond arises out of a contractual relationship, and is limited by the terms of the contract. The bond permits a recovery of compensatory damages only, and does not permit a recovery of punitive or exemplary damages. *Fourth National Bank* v. *Mayer,* 96 *Ga.* 728 (24 S. E. 453). The latter are necessarily recoverable outside of the bond, and are therefore recoverable only in an action ex delicto. The suing out of an attachment or garnishment, or procuring the issuance of a summons of garnishment, where such proceedings are not instituted maliciously or for the purpose of injuring the person proceeded against, is a perfectly legitimate use of a legal process, and any damage resulting therefrom, unless arising under the statutory bond, is necessarily damnum absque injuria. While the mere pendency of an attachment, pregnant with the potential issuance of a summons of garnishment from time to time, may constitute a standing menace to the defendant, and may operate as a restraint

upon the legitimate activity of his business, irrespective of any seizure of the defendant's property, it does not follow that damages on this account are in all cases legally recoverable.   Before a litigant who resorts to the issuance of the process of garnishment and causes a service of summons of garnishment upon a supposed debtor of the defendant can be held liable ex delicto for any damage resulting therefrom, where no property is seized under the attachment, it must appear that he wilfully and maliciously intended to injure the defendant, or that he knew or ought to have known that no property would be caught by the garnishment and that the service of garnishment would result disastrously to the defendant,—as by causing him the loss of his banking facilities, or a loss of his employment with the garnishee, or other damage.   *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131).   The pendency of an ordinary common-law suit may act as a standing menace to the defendant and cause him irreparable damage for which he cannot recover.   Upon such a suit summons of garnishment may be issued from time to time, and yet no right of action would exist for any menacing effect which the pendency of such a suit, with the possibility of garnishment thereon, would have upon the defendant.

The bond here sued upon, being the statutory bond required of the plaintiff in attachment under the Civil Code (1910), § 5057, is conditioned to pay to the defendant in attachment "all damages that he may sustain and also all costs that may be incurred by him in consequence of suing out the attachment in the event the plaintiff shall fail to recover in said case."   "Said case" necessarily is the attachment case, and there can be no attachment case in the absence of a levy or a seizure of property by garnishment.   *Albright* v. *Pacific Selling Co.,* 126 *Ga.* 498 (55 S. E. 251) ; *Baker* v. *Altman,* 107 *Ga.* 399, 341 (31 S. E. 432, 73 Am. St. Rep. 132) ; *McFarland* v. *McFarland,* 151 *Ga.* 9 (105 S. E. 596).   It certainly cannot refer to the common-law suit, which would exist by virtue of personal service on the defendant, in the absence of any property being attached.   It is not the policy of the law to give a right of action to a defendant for any damage which he may suffer as a result of an ordinary suit instituted against him, where the institution of the suit is not maliciously done or the process of the courts abused.   We therefore conclude that, under the statutory bond required of the plaintiff in attachment, the defendant cannot recover

of the principal and surety thereon for damage other than such as proximately results from the seizure of the defendant's property under the attachment. See, in this connection, *Fourth National Bank* v. *Mayer*, supra; *Mass. Bonding &c. Co.* v. *U. S. Conservation Co.*, 29 *Ga. App.* 80 (114 S. E. 62); Flournoy v. Lyon, 70 Ala. 308; Campbell v. Chamberlain, 10 Iowa 337; Frost v. Jordan, 37 Minn. 544 (36 N. W. 713).

2. Where property is once attached and the defendant files an appearance, he may recover on the bond any expense by way of attorney's fees for defending the suit in the event that the plaintiff fails to recover in the attachment. *Oakes* v. *Smith*, 121 *Ga.* 317 (48 S. E. 959); *Fourth Natl. Bank* v. *Mayer*, supra. That in the suit thus defended the plaintiff sued for a larger amount than the value of the property attached is immaterial. The defendant, however, can recover the expense of defending only against the attachment. He cannot recover any expense which he might have incurred in behalf of another; as, for instance, a claimant of the property seized, or in resisting a traverse to the answer of the garnishee, to which he is no party unless he has dissolved the garnishment; nor can he recover any expense incurred in so adjusting his business as to defeat the attaching of his funds.

3. In a suit by the defendant in attachment against the plaintiff in attachment and his surety, to recover upon the bond, it is a complete defense that the property seized under the attachment, by garnishment or otherwise, was not in fact the property of the defendant in attachment. As the right of the defendant in attachment is to recover only for the actual damage sustained as a result of the issuance of the attachment, the truth concerning the ownership of the property seized by the attachment may be inquired into and relied upon by the plaintiff in attachment and his surety, in a suit upon the bond. As the bond is conditioned to pay the damages sustained by the defendant in attachment in consequence of suing out the attachment, or levying upon property of the defendant in attachment, the true status of the ownership will determine the rights of the parties under the bond. This being true, the plaintiff in attachment and the surety may, when defending a suit under the bond, go behind the face of the record in the attachment proceedings, if the record shows that property belonging to the defendant in attachment was seized, and establish the true facts. The title

46

to the property seized under an attachment is not, as between the plaintiff in attachment and the defendant in attachment, a matter of inquiry in the attachment case. If the defendant's property is not levied upon, the defendant has nothing to complain of. If the property levied on is not the property of the defendant in attachment, this fact, so far as respects the attachment suit, is of no concern to the plaintiff. He is concerned therein only so far as he may be answerable to another person for trespass in causing the levy. The record in the attachment case, therefore, cannot, in a suit for damages on the bond by the defendant in attachment against the plaintiff in attachment, establish anything as to the true title to the property attached. Had the plaintiff in attachment obtained a judgment against the property levied upon or against the garnishee, the judgment would not in fact establish, as a matter of law, that the property levied on or caught by garnishment was the property of the defendant in attachment. On the other hand, if the record shows that the property attached did not belong to the defendant in attachment, the defendant could nevertheless show that it was his property which was in fact attached, and that by virtue of such attachment he was damaged. Suppose that the property levied upon was in fact the property of the defendant's wife. Although the entry of the levying officer may be to the effect that the property belonged to the husband, yet the plaintiff in attachment, in defending a suit for damages on the attachment bond, instituted by the husband, could nevertheless defend upon the ground that the property actually seized under the attachment and levied on was not the property of the husband, but was the property of the wife, and that therefore the husband was not damaged by the seizure. And in the present case, should it be established that the property seized was in fact the property of the claimant, the defendant in attachment was not damaged, because its property was not seized.

The answer of the garnishee as amended is to the effect that a certain sum of money on deposit with the garnishee "represented a balance on deposit in an account carried with garnishee under the following name and style: 'Special account, U. S. Conservation Company by Wm. Butler;' that checks drawn on this account would have to be drawn with checks bearing the following signature: 'Special account, U. S. Conservation Company by Wm. Butler.'" This answer upon its face is insufficient to set up title to the funds

in the United States Conservation Company, the defendant in attachment, but indicates that the United States Conservation Company is not in control of the funds and is therefore not the owner thereof, but that a stranger, Wm. Butler, has some interest in the funds and has authority to withdraw them. This answer is insufficient to authorize a judgment against the garnishee, based upon a judgment against the United States Conservation Company as defendant. *King* v. *Carhart,* 18 *Ga.* 650, 657; *Small* v. *Mendel,* 96 *Ga.* 532 (20 S. E. 500).

4. Any admissions which the defendant in attachment, now the plaintiff in the suit on the bond, may have made, either directly or indirectly by its conduct, to the effect that the property seized under the attachment was not its property but was the property of a stranger to the attachment suit, are relevant and admissible in the suit on the bond, now pending, as tending to disprove the contention of the plaintiff in the suit on the attachment bond, that the property attached had belonged to the plaintiff. Any efforts made by the defendant in attachment to relieve the funds from seizure under the attachment,—as by instigating a third person to file a claim to the funds, or by procuring the garnishee to file an equivocal answer as to the ownership of the funds caught by garnishment and which would not authorize a judgment against the garnishee,—are, when established by competent evidence in a suit by the defendant in attachment against the plaintiff, to recover on the attachment bond, relevant as an admission by the defendant in attachment, tending to disprove that title to the property seized was in the defendant in attachment. The trial judge improperly excluded such evidence when offered by the defendant, and the defendant therefore is entitled to a new trial.

5. An admission in the pleadings in a former litigation between the same parties, in a matter not in issue and not germane to the issue, is admissible in the present suit, not as an admission in judicio, but as an extrajudicial admission; and its probative value is for the jury. It is immaterial that such admission, when made by the defendant in the former suit, frightened or bluffed the plaintiff into abandoning his suit and suffering a disadvantage in the present suit. It will not work as an estoppel unless the plaintiff in attachment acted to his injury or to the benefit of the defendant in attachment.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*