19825.   ETOWAH MONUMENT COMPANY *v.* PORTAL
NAVAL STORES COMPANY.

258

*Hinton Booth,* for plaintiff. *R. Lee Moore,* for defendant.

Luke, J. Etowah Monument Company procured a judgment in a justice's court against J. O. Hathcock, and a summons of garnishment, based thereon, was served on Portal Naval Stores Company. The garnishee answered that it owed the defendant $4.50, that no money, property, or effects of the defendant had come into its possession since service of garnishment on it, and that "of said sums $.... is exempt from process of garnishment under the laws of Georgia." The plaintiff traversed the answer, averring that it did not show in what amount, the garnishee became indebted to the defendant between May 16, 1928, the time the garnishment issued, and June 8, 1928, the date of the answer. The point that no exemption was claimed was not made either in the answer or at the trial, and, so far as the record shows, is raised for the first time in this court. The evidence was conclusive that the garnishee actually owed the defendant $22.85. Two members of the garnished firm testified, without contradiction, that the defendant was a laborer who chipped turpentine boxes for the garnishee and was paid off weekly at the rate of $1.75 per barrel of gum dipped from the boxes chipped by him. These witnesses swore also that the defendant earned from $4 to $8.50 per week for said work, that the work was hard manual labor, and "that said wages had been paid to said Hathcock after said summons of garnishment was served, because said wages were exempt from garnishment as provided by law, and it was necessary for said Hathcock to collect his wages to buy rations to continue his work." The jury in the justice's court rendered a verdict against the garnishee for $20.75, and on certiorari the judge of the superior court remanded the case for another trial.

1. It was proper for the jury to pass upon the question of exemption of wages. See, in this connection, *Dooly* v. *Miles,* 101 *Ga.* 797 (29 S. E. 118).

2. Under the evidence the wages were not subject to process of garnishment. *Moultrie* v. *Crocker,* 125 *Ga.* 82 (54 S. E. 197); *Moore* v. *Hendry,* 111 *Ga.* 863 (36 S. E. 921); *Johnson* v. *Hicks,* 120 *Ga.* 1002 (48 S. E. 383).

3. The court properly sustained the certiorari and remanded the case for another trial.

*Judgment affirmed. Bloodworth, J., concurs. Broyles, C. J., dissents.*