25686. COHEN *et al.* v. NICHOLS.

STEPHENS, J. 1. Where a judgment upon which process of garnishment has issued has afterwards, upon an issue formed by an affidavit of illegality filed by the defendant, been adjudicated as void on the ground that the defendant had never been served and had not had his day in court, the amount "on such judgment" is not due, and the property or money sought to be garnished upon such judgment is not subject to the process of garnishment, and the defendant may recover of the plaintiff and the surety upon the bond executed by the plaintiff, as required by statute (Code, § 46-102), all costs and damages that the defendant may have sustained in consequence of the suing out of the garnishment in the event it shall appear that the amount of the judgment was not due, or that the property or money sought to be garnished was not subject to the process of garnishment. The defendant in garnishment is entitled thus to recover of the plaintiff in garnishment and the surety on the bond, notwithstanding the defendant has a right of action as provided in the Code, § 81-214, for damages against the officer for making a false return of service.

2. Expenses consisting of reasonable attorney's fees incurred by the defendant in a garnishment proceeding, in defense to the garnishment proceeding, constitute damages sustained by him in consequence of suing out the garnishment, and are recoverable as such in a suit on the bond by the defendant in garnishment against the plaintiff in garnishment and the surety on the bond, where the amount of the judgment upon which the garnishment issued was not due, and the property or money sought to be garnished was for this reason not subject to the process of garnishment. *Fourth National Bank* v. *Mayer*, 96 *Ga.* 728 (24 S. E. 453); *Collins* v. *Myers*, 30 *Ga. App.* 151 (117 S. E. 265).

3. Upon the trial of a suit by the defendant in garnishment against the plaintiff in garnishment and the surety on the garnishment bond executed by the plaintiff in garnishment, to recover reasonable attorney's fees alleged to have been incurred by the defendant in garnishment in defending the proceedings wherein it had been adjudicated that the judgment upon which the garnishment had issued was void for lack of service on the defendant in garnishment, the court erred in holding that the only remedy of the defendant in garnishment was against the officer for making a false return of service, and that the defendant in garnishment had no remedy against the plaintiff in garnishment and the surety on the garnishment bond, and therefore erred in rendering judgment against the defendant in garnishment, who was the plaintiff in the proceeding before the court. The superior court did not err in sustaining the certiorari brought by the defendant in garnishment, who was the plaintiff in the suit to recover on the garnishment bond.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED OCTOBER 19, 1936.

*J. N. Peacock Jr.,* for plaintiffs in error.   *A. N. Durden,* contra.