28345. HINTON-BELLAH INC. *et al. v.* THEBIT.

DECIDED JUNE 10, 1940.

*G. W. Langford,* for plaintiff in error.

*S. W. Fariss, J. L. Wallace,* contra.

SUTTON, J. F. Thebit brought an action against Hinton-Bellah Inc. and W. P. Roper. The plaintiff alleged, in substance, that the defendants had damaged him in the sum of $110, in that on November 21, 1936, Hinton-Bellah Inc., by and through its authorized agent, sued out an attachment against him; that Hinton-Bellah Inc. as principal, and W. P. Roper as surety, executed an attachment bond as provided in the Code, § 8-119; that the plaintiff sustained the damages and cost as set out in consequence of the suing out of the attachment which, upon the affidavit and bond, was issued against him, directed to all and singular the sheriffs and constables of the County of Walker, commanding said officers to seize so much of the property of plaintiff as would make the sum of $98.20, together with all costs, and requiring them to make return of the attachment with their actings and doings entered thereon to the December term of the justice's court of said district; that the plaintiff filed a traverse of said attachment, and Hinton-Bellah Inc. dismissed the attachment and failed to recover in said case; that as a consequence of suing out the attachment the plaintiff incurred the following costs and expenses: attorney's fees for defending the attachment case, $50; expenses incident to attending the justice's court in the attachment case, and cost of bringing witnesses to testify, $25; loss of time on account of the levy of the attachment and by attending court, $35. In *Thebit* v. *Hinton-Bellah Inc.,* 57 *Ga. App.* 205 (194 S. E. 894), it was held that the petition was amendable by adding a specific allegation that the at-

tachment referred to in the petition was levied on property belonging to the plaintiff, and by adding an entry of levy on the attachment, which entry "was inadvertently excluded from the copy thereof appearing in the original petition." It was also held that the petition set out a cause of action, and that the judge erred in sustaining a general demurrer. The case came on for trial, and the following facts appear from the record: Hinton-Bellah Inc. and W. P. Roper filed an answer denying the substantial allegations of the petition, and especially denying that the plaintiff had been injured and damaged by the attachment proceeding, in that no property of the plaintiff had been seized, and it was affirmatively set up that the property levied on belonged to the C. I. T. Corporation and the wife of the plaintiff, that they filed proper bonds to release the property, and that all of the expenses incurred by the plaintiff were voluntarily sustained by him and were not the result of seizure of any of his property. Hinton-Bellah Inc. by cross-action sought to recover $68.56 on a promissory note alleged to be due to it by the plaintiff in the main suit. The plaintiff amended his petition by alleging that the expense incident to bringing his wife and daughter and son from Rome, Georgia, to LaFayette, Georgia, being two separate trips, the expense of bringing them a distance of forty miles, including and consisting of costs of travel and meals, was $25, loss of time, three days for himself, $15, and two days lost by his wife, and for which he had to pay, she being his witness, $12.50.

The evidence showed that on November 21, 1936, Hinton-Bellah Inc. sued out an attachment against the plaintiff, and that it was levied on one described Plymouth automobile and certain merchandise contained therein, consisting of bed-spreads, rugs, ladies' ready-to-wear, and other articles. The defendant in attachment and his wife were using the car in making sales of the merchandise, and at the time of the levy the car and its contents were in LaFayette, Walker County. The car had been purchased from Hinton-Bellah Inc., under a title-retention contract which had been sold and transferred to the C. I. T. Corporation, and the plaintiff had paid a part of the purchase-price. On December 5, 1936, Thebit employed counsel, and caused to be filed a claim in the name of the C. I. T. Corporation as to the automobile, and a claim in the name of Thebit's wife as to certain of the merchandise in the

car. Upon the filing of these claims with proper bonds the plaintiff in attachment caused all of the property levied on to be released, although no claim had been filed as to the merchandise which the evidence in the present case shows to have been the property of Thebit. On March 4, 1937, Thebit filed a traverse of the grounds of the attachment, a plea to the jurisdiction, and an answer denying that he was indebted to Hinton-Bellah Inc. in any sum whatever. On March 31, 1937, the plaintiff in attachment, through its counsel, dismissed the attachment proceeding by written instructions to the justice in whose court the case was pending, "because of the claims filed by the parties to the property attached." The evidence on the trial of the present case showed, that part of the merchandise in the automobile belonged to the plaintiff, and the rest of it belonged to his wife; that between the date of the levy of the attachment and the dismissal of the proceeding by Hinton-Bellah Inc., the plaintiff (defendant in attachment) incurred an expense of $50 in employing counsel to represent him in the matter; that he incurred a reasonable expense of $25 in taking himself, his wife, and his daughter from Rome to LaFayette, a distance of approximately forty-five miles, on two occasions, in connection with the pending suit; that he sustained an expense of $15 for three days loss of time, and had to pay his wife $12.50 for two days loss of time by her, she being one of his witnesses. The condition of the attachment bond was that if the said principal, Hinton-Bellah Inc., "shall pay all damages that the said obligee may sustain and also cost that may be incurred by him in consequence of suing out such attachment in the event that the said principal shall fail to recover in said case, then this bond to be void."

The jury returned a verdict in favor of the plaintiff for the difference between the respective amounts which the plaintiff and the defendant Hinton-Bellah Inc. sought to recover. The defendants' motion for new trial on the general grounds was overruled, and the exception is to that ruling. The sole contentions of the plaintiffs in error are that at the time of the filing of the pleadings by the defendant in attachment, on March 4, 1937, none of his property was being held by the levying officer, and no bond had been given by the defendant in attachment for the release of the property; that, before the adjudication of the claim cases and the

issues raised by Thebit, Hinton-Bellah Inc. had dismissed the attachment proceeding; that all expense and damage sued for were incurred after the property levied on had been released; and that it was not shown that the plaintiff sustained any damage proximately resulting from the seizure of his property under the attachment. The condition of the bond sued on was in the language of the statutory bond set forth in the Code, § 8-119. The right of the plaintiff to recover the damages claimed is established, not only by the law of the case as stated on its former appearance in this court in ruling on the general demurrer (*Thebit* v. *Hinton-Bellah Inc.*, supra), but by numerous other decisions of this court and the Supreme Court. In *Fourth National Bank of Cincinnati* v. *Mayer*, 96 *Ga.* 728, 734 (24 S. E. 453), it was said: "According to the terms of the bond itself, the only condition precedent to a recovery thereon is that the plaintiff, the obligor in the bond, should have failed in his suit. If he fail to maintain his action, and fail to pay the damages *sustained* and the costs *incurred,* the breach of his bond is complete, and he instantly becomes liable upon its covenant for all damages which the obligee may *sustain,* and all costs that he may have *incurred* in consequence of suing out the attachment. . . In the present case, the defendant sued out an attachment, caused it to be levied by garnishment upon certain money of the plaintiff, and failed ultimately to recover. This constitutes a breach of the bond and authorizes a judgment, within the penalty of the bond, against the defendant and his sureties for all damages which the plaintiff *sustained* and all costs which were incurred by him in consequence of the suing out of the attachment. Such damages would necessarily include interest upon money held up by the garnishment proceedings pending the attachment. They would include reasonable attorneys' fees necessarily expended by the defendant in the defense of the attachment proceeding, and as well such other reasonable and necessary expenses incident to the litigation as might be incurred by him in the vindication of his rights."

In *Oakes* v. *Smith*, 121 *Ga.* 317 (48 S. E. 942), it was held: "Where an attachment has been dismissed and a suit is brought on the bond, the plaintiff is entitled to recover reasonable attorney's fees for defending the attachment suit, together with such other damages as were proximately occasioned by the levy on the plain-

tiff's property. . . Such reasonable attorney's fees may be recovered where the liability has been incurred, even though they have not actually been expended before the trial of the suit on the attachment bond." See also *Massachusetts Bonding & Insurance Co.* v. *United States Conservation Co.,* 29 *Ga. App.* 80 (114 S. E. 62) ; s. c. 31 *Ga. App.* 716 (2) (122 S. E. 728) ; *Collins* v. *Myers,* 30 *Ga. App.* 151 (117 S. E. 265) ; *Parker* v. *Nolan,* 37 *Ga. App.* 205 (7) (139 S. E. 363) ; *Cohen* v. *Nichols,* 54 *Ga. App.* 394 (2) (188 S. E. 48). Of course, in the absence of a levy, or a seizure of property by garnishment, under an attachment proceeding, there can be no recovery on the statutory bond. *Massachusetts Bonding &c. Co.* v. *U. S. Conservation Co.,* 31 *Ga. App.* 716, 720 (supra) ; *Clark Milling Co.* v. *St. Louis Railway Co.,* 33 *Ga. App.* 660 (127 S. E. 783). The plaintiffs in error recognize the above-stated principles of law, but contend that the plaintiff was not entitled to recover, in that at the time of the dismissal of the attachment the property levied on was not being held by the levying officer but had been released, that there had been no adjudication of the claims which had been interposed, and that the expense incurred was not incident to the attachment. These contentions can not be sustained. Conceding that the plaintiff did not hold title to the automobile, and that Mrs. Thebit, his wife, filed a claim to certain merchandise in the car, the undisputed evidence shows that the plaintiff was the owner of at least a part of the property levied on and as to which no claim was asserted either by the C. I. T. Corporation or by Mrs. Thebit. No adjudication of the claims interposed would be necessary to determine that there had been a levy on *some* of the plaintiff's property. The fact that this property, along with the automobile and the other merchandise, had been released does not preclude the plaintiff from recovering the expense which he sustained, as it indisputably appears that it was incurred in consequence of the attachment and before the proceeding was dismissed. Although the property had been released, the levy had not been dismissed, and the proceeding was still pending in the justice's court when the present plaintiff, as stated by plaintiffs in error, "voluntarily" filed pleadings in the court on March 4, 1937. His conduct in filing his defense and pleas could not operate to his prejudice because the "mere pendency of an attachment, pregnant with the potential issuance of a summons of garnish-

ment from time to time," or another levy, "may constitute a standing menace to the defendant [in attachment], and may operate as a restraint upon the legitimate activity of his business, irrespective of any seizure of the defendant's property." *Massachusetts Bonding &c. Co.* v. *U. S. Conservation Co.*, 31 *Ga. App.* 716, 719 (supra). The attachment affidavit placed the defendant in attachment in the position of one "actually removing or about to remove without the limits of" his county. He was entitled to purge himself of this charge by filing appropriate pleadings and prevailing in them. Therefore it is no sufficient answer to the suit for the expense incurred to say that the act of the defendant in attachment in appearing and pleading was voluntary and ill advised, and that the expense incurred was improvidently assumed. Only after such procedure on his part was the attachment dismissed. It clearly appears that the expense incurred was the result of the attachment and levy upon his property and that the plaintiff in attachment did not recover in the suit. Consequently the court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*