29493. CARRINGTON *et al. v.* WILHARBLA REALTY CO.

Decided April 20, 1942. Adhered to on rehearing, June 17, July 31, 1942.

*McElreath, Scott, Duckworth & Riley, John A. Dunaway, Robert S. Wiggins,* for plaintiffs in error.

*George & John L. Westmoreland,* contra.

Gardner, J. This case arose on petition filed by the defendant in error (hereinafter called plaintiff) against the plaintiffs in error (hereinafter called defendants), seeking damages occasioned by the

procuring of a process of attachment against a non-resident served by summons of garnishment.

The petition alleged in substance that the defendant Randolph Carrington, after procuring the issuance of an attachment, in order to perfect service on the plaintiff, a non-resident, caused summons of garnishment to be served on Herbert and Elaine Gilbert. The plaintiff was damaged in a sum in excess of $1000. The petition further alleged that the plaintiff expended said large sum in procuring counsel to defend the suit, making trips from New York to Atlanta and return for the purpose of defending, and that said litigation was finally determined in favor of the plaintiff. It was further alleged that the garnishees, Herbert and Elaine Gilbert, were indebted to the plaintiff at the time of the issuance of garnishment, and so answered; that it became necessary for plaintiff to file a bond dissolving such garnishment; that the defendant Carrington filed his declaration in attachment, prosecuted the case, and was cast in the suit. Carrington, and M. D. Holloway and E. E. Porterfield, sureties, filed an answer denying liability on the attachment bond, the basis of the present suit. A verdict was rendered in favor of the plaintiff on the attachment bond for $700, a sum several hundred dollars less than the items claimed as damages. The defendants filed a motion for new trial, on the general grounds, which motion was amended by adding two additional grounds. The court overruled the motion and the defendants excepted.

The motion for new trial in effect presents only one question. It is contended that Code § 46-105 requires personal service on a garnishee; that the evidence affirmatively shows that no personal service of the summons of garnishment was perfected on the Gilberts as required by law, and therefore plaintiff can not recover on the statutory attachment bond, even though the garnishees answered, and even though the plaintiff dissolved the garnishment by giving bond and defendant Carrington filed a declaration in attachment; that such was not a sufficient seizure of the property to entitle plaintiff to recover on the attachment bond. Several cases are cited to sustain this position. *Hinton-Bellah Inc.* v. *Thebit*, 62 *Ga. App.* 672 (9 S. E. 2d, 779); *Bennett* v. *Taylor*, 36 *Ga. App.* 752 (138 S. E. 273); *Robinson* v. *Bryson*, 45 *Ga. App.* 440 (165 S. E. 158); *Fordesh* v. *Rackley*, 62 *Ga. App.* 383, 386 (8 S.

E. 2d, 451). We do not think these cases are applicable to the case at bar. In the cases cited it appears that the garnishees were contesting service; not so in the case at bar. It would seem to us that this question has been adjudicated adversely to the contentions of the defendants in decisions of this court containing facts similar to the case now under consideration. In *Cranford* v. *Dunson Co.,* 1 *Ga. App.* 319 (2) (57 S. E. 1057), we find: "A written acknowledgment of service of a summons of garnishment by the garnishee is sufficient. But even if such acknowledgment of service is not sufficient, exception to it on this ground would not be well taken by the claimant after the garnishee had appeared and answered the summons, and the claimant had given a bond to dissolve the garnishment." See *Sluddard* v. *Barge-Thompson Co.,* 44 *Ga. App.* 349 (161 S. E. 638); *Collins* v. *Myers,* 30 *Ga. App.* 151 (117 S. E. 265); *Cohen* v. *Nichols,* 54 *Ga. App.* 394 (188 S. E. 48); *Dooly* v. *Miles,* 101 *Ga.* 797 (29 S. E. 118); *Fourth National Bank* v. *Mayer,* 96 *Ga.* 728 (24 S. E. 453).

The court did not err in overruling the motion for new trial. *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

### ON REHEARING.

GARDNER, J. Although the statute requires that the garnishee be served personally with the summons of garnishment, nevertheless where he appears and files his answer admitting indebtedness this cures all irregularities and defects as to service of the summons. Such appearance is operative, against both the plaintiff in attachment who files his declaration and the defendant who dissolves the garnishment by giving bond and appears and contests the declaration, as amply as if the summons had been personally served on the garnishee. It was held in *Flournoy* v. *Rutledge,* 73 *Ga.* 735 (2): "After summons of garnishment has been issued and served, and the garnishee has appeared and filed an answer, admitting indebtedness to the defendant, and tendered the money in court in discharge of its liability under the garnishment, it is too late to tender an issue and traverse as to the legality of the summons of garnishment or return of the sheriff. Appearance and pleading waives all objection to the process and return of the officer." In *Dooly* v. *Miles,* supra, the court said: "The Code requires that when a summons of garnishment is issued, the officer shall serve it upon the person of the garnishee; which we think

means that it shall be served personally and not left at his residence or most notorious place of abode.  This is done to give the garnishee actual notice of the summons, in order that he may obtain it in time and file his answer in accordance therewith.  If left at his residence or place of abode in his absence, he might fail to receive it and fail to make answer, and a judgment would be rendered against him when he might not be indebted to the defendant in the suit or judgment.  Notwithstanding this, if the garnishee does receive the summons and appears at the term of court to which it is returnable, and, failing to file a written answer, deposes orally in court that he is indebted to the defendant in the suit or judgment, and the plaintiff does not require a written answer but is satisfied with the one given orally and does not traverse it, and a judgment is then entered against the defendant in the suit and the garnishee for the amount the latter admits to be due, the garnishee is estopped thereafter to set up the irregularity of his answer as affecting the judgment.  He can not afterward complain either that he failed in his duty to file a written answer or that he was not served personally with the summons of garnishment.  He should have insisted upon these points at the time he appeared.  He can not by his conduct thus mislead the court and damage the plaintiff:  After a judgment has been thus entered up against him and execution issued thereon, he can not go behind this judgment by filing an affidavit of illegality thereto, based upon facts which existed and were known to him prior to the judgment.  The magistrate erred in excluding the testimony offered, and the judge of the superior court erred in dismissing the certiorari."

The plaintiff in attachment sponsored the whole garnishment proceedings.  He relied on their validity to contest his contention on the issue raised on the theory that the answer of the garnishee was equivalent to personal service.  There is no doubt that had he prevailed he would and could have satisfied his judgment to at least the amount of the dissolution bond.  Since he lost his case it seems lawful for him, under all the facts of the case, to suffer the damage caused the defendant as a consequence of suing out the garnishment which the statute provides for.  The plaintiff, the defendant, and garnishee, by voluntary appearance and answer of the garnishee, are precluded from contesting any irregularity of

service or failure of the sheriff to properly serve the summons of garnishment.

*Judgment adhered to.    Broyles, C. J., and MacIntyre, J., concur.*