30462. MARYLAND CASUALTY COMPANY *v.* TOW.

DECIDED MAY 24, 1944.

180

*Woodruff, Ward & Etheridge,* for plaintiff in error.

*James A. Branch, Thomas B. Branch Jr.,* contra.

FELTON. J. ■ The bond sued on was conditioned as follows: "Now, therefore, if the said R. S. Evans shall pay to the said Martin Tow all damages that may have been sustained, or may be sustained by him, and all costs that may have been, or may be incurred by him in consequence of the filing of said suit by the plaintiff, and of the appointment of the receiver therein, and the granting of a restraining order and injunction therein, and in the event the plaintiff shall fail to recover in said case, and said receivership be denied and said restraining order and/or injunction be dissolved, then this bond to be void; else of full force." The contention of the surety company is that under a proper interpretation of the bond, the condition is to pay damages, costs, etc., caused by a continuation of the receivership and injunction, and not those arising from a trial of the merits of the case. We cannot agree with this contention. In the first place, the plain provisions of the condition of the bond are that all damages are covered which *"may have been or may be"* incurred in consequence of the filing of the suit, the appointment of a receiver, and the granting of the restraining order. These unambiguous provisions start with the filing of the suit and follow through the relief granted in the action, and clearly refer to costs

and expenses of a trial on the merits of the case as well as the other features. In the second place the rule that a defendant cannot ordinarily recover the costs and expenses of defending a lawsuit in which he prevails (in cases other than where instituted with malice and without probable cause) does not apply to a case like this one. Under the strict terms of the law, before property of a non-resident may be seized by attachment the plaintiff must give a bond conditioned to pay the defendant non-resident all damages and costs incurred in consequence of suing out the attachment, in the event the plaintiff shall fail to recover in the case. Code, § 8-111. The mere fact that a plaintiff is unable to give such a bond does not authorize the intervention of a court of equity so as to bring about such a seizure of the property of a non-resident without the giving of the bond. *Grimmett* v. *Barnwell,* 184 *Ga.* 461, 469 (192 S. E. 191, 116 A. L. R. 257), and cit. In this case legal attachment was impossible, and a court of equity intervened. Whether the court was compelled to require a bond of the plaintiff, similar to an attachment bond, it was certainly authorized to do so. "Equity is ancillary, not antagonistic, to the law; hence equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable." Code, § 37-103. A court of equity was authorized, at least, to follow the rule of law that the property of a non-resident should not be seized by resident courts on an unestablished claim in personam. The court could have required the bond in this case before assuming jurisdiction in the first instance. Before any effective relief was granted, and before the court perfected jurisdiction by an actual seizure of the property, the bond was required and executed. The effect of the requiring of the bond was the same as if the bond had been required in the first instance, as is shown by the provisions of the order requiring the bond and those of the bond itself. The bond here cannot be said to be an *injunction* bond, strictly speaking. Those are bonds given mostly in cases where a court of equity has jurisdiction of the parties and subject-matter, and where the jurisdiction of the court does not depend on the actual seizure of the *res*. The injunction bond does not cover the damages and costs of the main case on its merits, but only those arising in consequence of the granting of an injunction. Whether the injunction here was effective against a non-resident does not concern us. The fact is there is

a more important matter involved, and that is the continuance of the receivership. It seems to us that the jurisdiction of the court would have ceased, and the main case would have become functus officio if the receivership had not been continued and the court had not continued to hold possession of the stock certificates. The non-resident defendant did not waive service, and he was not served. The case was one solely in rem. The fact is that failing to recover in the main case on its merits, and failing to hold the receivership, under the facts in this case, are one and the same thing, because, if the receivership fell the main case fell, and if the main case fell the receivership fell. If the plaintiff was entitled to prevail in one he was entitled to prevail in the other. So it appears that the court actually conditioned the bond on the plaintiff's prevailing on the merits of the case, and followed the legal analogy in so doing. The ruling by the Supreme Court that the court had jurisdiction of the res, and that service was properly perfected, has no bearing on the issue here (*Tow* v. *Evans*, 194 *Ga.* 160, 20 S. E. 2d, 922), any more than a ruling by an appellate court that a levy was legal in an attachment case would have a bearing on the legality or meaning of the attachment bond. In the case just cited there was no exception to the order requiring the bond as a condition to the continuance of the relief sought. There is now no effort to reform the bond or attack it on the grounds of fraud, accident, or mistake. The plain and unambiguous terms of the bond should and must be followed. The ruling in *Jones* v. *Rountree*, 11 *Ga. App.* 181 (74 S. E. 1096), is clearly not in conflict with what is here ruled. The bond there was given to obtain a supersedeas to a judgment denying an injunction. Such a supersedeas had the effect of granting an injunction, and the bond given amounted to a pure injunction bond. There was no reference in the bond to the outcome of the case on its merits. The other cases cited by the plaintiff in error from other jurisdictions involve injunction bonds and have no bearing on the question here involved. The court did not err in overruling the demurrers.

■ The expenses incurred by Tow are all included in the language of similar bonds as held in the following cases: *Oakes* v. *Smith*, 121 *Ga.* 317 (1, 2) (48 S. E. 942) ; *Carrington* v. *Wilharbla Realty Co.*, 67 *Ga. App.* 898 (20 S. E. 2d, 860) ; *Hinton-Bellah Inc.* v. *Thebit*, 62 *Ga. App.* 672 (9 S. E. 2d, 779) ; *Jones* v. *Lamon*, 92 *Ga.* 529 (4) (18 S. E. 423).

■ Error is assigned on the refusal of the court to permit an attorney for Evans to testify what took place at the time the bond was required, the ground of the motion alleging that the attorney would have testified as follows (material matter only being included) : "Mr. Branch said, as I recall it, that if they are going to tie up the stock in a receivership he felt a bond should be given. There was some discussion as to the bond, and the question of the value of the stock at that time came up. Mr. Branch reached for the annotated Code, turned to the section of attachment bonds, and said : 'This is the type of bond we should like to have.' There was further discussion about the amount of the bond, and whether it should be given. Then he asked the question about the value of the stock, and it came up that if anything happened to the stock, if it went up in value or down in value, Mr. Tow had an opportunity to sell it, that they probably would arrange for a release. The only thing I recall that went into the fixing of the amount of the bond was the question of what might be the value of the stock, and what Mr. Tow might lose in the event he should lose the sale of that particular block of stock. The bond would stand to pay him any damages, if he was not able to dispose of the stock in the event of loss of his case." It was not error to refuse to allow the witness to give this testimony. It was a conclusion of the witness and an effort to contradict and vary the plain and unambiguous terms of the bond. The fact that the witness had the idea that the bond served but one purpose does not alter the fact that its execution resulted in the court's continued jurisdiction in the main case, and prevented the removal of the property from the State so as to be beyond the reach of the plaintiff and the courts of this State.

■ The court in effect directed a verdict for the plaintiff, but left to the jury the questions as to what items were necessarily incurred by Tow and the reasonableness of the same. The evidence demanded a finding for the plaintiff, and the charge was not error for the reason assigned, namely, that a verdict for the plaintiff was not demanded by the evidence in some amount.

■ The motion to assess damages for frivolous appeal is denied.

■ The court did not err in overruling the demurrers and the motion for a new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*