26580.   THEBIT *v.* HINTON-BELLAH INC. *et al.*

Decided January 13, 1938.

*S. W. Fariss,* for plaintiff.   *G. W. Langford,* for defendants.

Guerry, J. ■ The motion to dismiss the writ of error on the ground of lack of designation of parties defendant in error in the bill of exceptions is without merit. The bill of exceptions names Hinton-Bellah Inc. and W. P. Roper, defendants in error in the caption, and the bill of exceptions contains an acknowledgement of service by "G. W. Langford, attorney for Hinton-Bellah Inc., and W. P. Roper."

■ The petition alleged substantially that Hinton-Bellah Inc. and W. P. Roper, defendants, injured and damaged the petitioner in the sum of $110, in that on November 21, 1936, said Hinton-Bellah Inc., by and through its duly authorized agent, sued out an attachment against petitioner; that said Hinton-Bellah Inc. as principal, and W. P. Roper, as surety, executed an attachment bond as provided for in the Code, § 8-119; that the petitioner sustained the damages and cost herein set forth in consequence of the suing out of said attachment; that upon said affidavit and bond an attachment was issued against petitioner, directed to all and singular the sheriffs and constables of said county, commanding said officers to seize so much of the property of petitioner as would make the sum of $98.20, together with all costs, and requiring

said officers to make return of the attachment with their actings and doings entered thereon to the December term of the justice's court of said district; that petitioner filed a traverse of said attachment, and the plaintiff in attachment, Hinton-Bellah Inc., dismissed the attachment and thereby did fail to recover in said case; that as a consequence of suing out of said attachment petitioner incurred the following costs and expenses: attorney's fees for defending the attachment case, $50; expenses incident to attending the justice's court in the attachment case, and cost of bringing witnesses to testify in said case, $25; *loss of time on account of the levy of the attachment and by attending court, $35.* *Held* that this petition was amendable by adding a specific allegation that the attachment referred to the original petition was levied on property belonging to the plaintiff, and by adding thereto an entry of levy on the attachment which entry "was inadvertently excluded from the copy thereof appearing in the original petition." See Code, § 81-1302; *Ellison* v. *Ga. R. Co.*, 87 *Ga.* 691 (13 S. E. 809).

■ So amended, the petition set out a cause of action and the judge erred in sustaining a general demurrer.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*