40618, 40654. FINE v. BRADFORD et al.; and vice versa.

Decided March 18, 1964.

*Smith, Ringel, Martin, Ansley & Carr, Meade Burns,* for plaintiff in error.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Shelton,* contra.

RUSSELL, Judge.   While stockbrokers are vested with greater authority than brokers generally, and may sometimes purchase and sell and at other times act in a trust capacity or simply in an agency capacity, the stipulation of the parties that the defendant broker was acting as the purchaser's agent is both controlling and is borne out by the facts stated.   The seller was in the same way acting through its New Jersey agent, and the contract of sale occurred in New Jersey where seller's broker agreed to sell to the defendant as plaintiff's agent the shares of stock for which the unsolicited order of the plaintiff had been placed.   The sale was consummated by the actual delivery of the paper by the New Jersey broker to the defendant's New York office, the delivery in New York and the payment by the plaintiff in Atlanta occurring during the same day.   While it is not stated whether the defendant turned the money over to the seller's broker on that day, it is a fair inference that this was done in the regular course of business and within a reasonable period of time, since neither the seller nor his broker is here involved. Under the new Uniform Commercial Code the effect of this transfer is spelled out by *Code Ann.* § 109A-8—313 (1) (c) providing:   "Delivery to a purchaser occurs when . . . his broker sends him confirmation of the purchase and also by book entry or otherwise identifies a specific security in the broker's possession as belonging to the purchaser."   Without benefit of this definition, in 1959 the applicable Code sections read:  "It shall be unlawful to sell any securities *within this State* . . . until there shall have been filed with the Commissioner by a registered dealer or the issuer a notice of intention to sell such securities" etc., (Ga. L. 1953, pp. 423, 426) and "Every sale or contract for sale in violation of any of the provisions of this

chapter . . . shall be voidable at the election of the purchaser. The person *making such sale* or contract for sale, and every director, officer, salesman or agent *of or for such seller* who shall have participated or aided in any way in making such sale, shall be jointly and severally liable to such purchaser in any action at law in any court of competent jurisdiction upon tender *to the seller*, in person or in open court, of the securities sold. . ." *Code Ann.* § 97-113. (Emphasis added). (Construing these provisions together, they prohibit a sale *within this State* of unregistered securities, and when such sale is made, they penalize the seller and his or its officers, agents, and salesmen. Neither condition is met here. The defendant was not a seller but an agent for the purchaser. The sale was not made within the State of Georgia but in either New York or New Jersey. "Where the terms of the sale are agreed upon and the bargain struck, and everything that the seller has to do with the goods is completed, the contract of sale becomes absolute and the property rests in the buyer." *Good Roads Machinery Co. v. Neal & Son,* 21 Ga. App. 160 (5) (90 SE 1018). The contention that there was a sale in New York to the defendant broker, and a sale by it to the plaintiff in Georgia, is unsound where it appears from both the facts stated and the stipulation of the parties that the broker was merely acting as agent for the purchaser. Gill v. Hornblower, 294 Mass. 26 (200 NE 376) ; Weisbrod v. Lowitz, 282 Ill. App. 252. This also appeared in the wording of the confirmations of purchase mailed by the defendant's New York office to New Jersey and by the Tennessee office to New Jersey and to the plaintiff. The stock was identified to the contract of purchase, the stipulation reciting that defendant's New York office received it and held it for the account of Coleman until receipt of instructions from him with respect to re-registration, at which time it "transmitted said certificate to the North American Petroleum Corporation's transfer agent in another state and obtained from it a new certificate for 2,500 shares registered in plaintiff's name." At no time did the broker purchase or sell on its own account. It acted throughout as agent for Coleman, who was in fact the agent of an undisclosed principal, the plaintiff.

A judgment in favor of the defendant was demanded, and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed on main bill of exceptions; cross bill dismissed. Nichols, P. J., and Hall, J., concur.*