44623.   MANSOUR et al. v. RANKIN & COMPANY et al.

44624.   MANSOUR v. RANKIN & COMPANY et al.

WHITMAN, Judge.   These cases involve the Georgia Securities Act.   See *Code Ann.* § 97-101 et seq. (Ga. L. 1957; pp. 134-163, as amended).

The plaintiff, appellant in case 44624, is G. A. Mansour, III. The plaintiffs, appellants, in case 44623, are G. A. Mansour, III and two others d/b/a the Bowman Company.   The two cases together have regard to 1,000 shares of stock of Lynbar Mining Corporation, Ltd.

Both complaints are similar and allege that defendant Frank Cook was the agent of defendant Rankin & Co.; that Cook solicited an order from the plaintiffs for the purchase of stock (Mansour for 500 shares, The Broman Company for 500 shares); that plaintiffs received confirmation that said stock had been purchased by Rankin & Co.; and that plaintiffs were requested to pay Rankin & Co. the price of the stock, commission and shipping charge, which they did.   The complaints also allege that it was subsequently discovered that securities of the Lynbar Mining Corporation, Ltd., were not registered with the Georgia Commissioner of Securities and were not of a class or type exempt from registration; and that the stock was thereafter tendered by plaintiffs to Rankin & Co. and returned by certified mail.

The complaints seek to recover the price of the stock, commission, shipping charges, and all taxable court costs and reasonable attorney's fees pursuant to *Code Ann.* § 97-114 of the Georgia Securities Act, supra, which provides: "Every sale or contract for sale in violation of any of the provisions of this Chapter, or of any order issued by the commissioner under any provision of this Chapter, shall be voidable at the election of the purchaser.   The person making such sale or contract for sale, and every director, officer, salesman or agent of or for such seller who shall have participated or aided in any way in making such sale, shall be jointly and severally liable to such purchaser in any action at law in any court of competent jurisdiction upon tender to the seller, in person or in open court, of the securities sold or of the contract made for the full amount paid by such purchaser, together with all taxable court costs and reasonable attorney's fees in any action or tender under this section."

In case 44623 both defendants filed motions to dismiss for failure to state a claim for which relief could be granted, and both motions were sustained. This action is enumerated as error.

In case 44624 a motion to dismiss for failure to state a claim was filed by defendant Cook and was sustained. Defendant Rankin & Co. filed a motion for summary judgment on the ground that the pleadings and the affidavit of John R. Rankin, III, showed the transaction not to be covered by the Georgia Securities Act. An order was entered granting this motion. The orders on the motion to dismiss and the motion for summary judgment are enumerated as error. *Held:*

1. When considering the propriety of an order granting a motion to dismiss a complaint for failure to state a claim for which relief may be granted, we can look only to the allegations of the complaint and nothing else. *Harper v. DeFreitas*, 117 Ga. App. 236 (1) (160 SE2d 260); *Hunter v. A-1 Bonding Service, Inc.*, 118 Ga. App. 498, 499 (164 SE2d 246). The complaints before us plainly state claims for which relief may be granted should the proof be forthcoming.

Thus, in case 44623 it was error to grant the motions to dismiss by defendant Rankin & Co. and defendant Cook. In case 44624 it was error to grant the motion to dismiss by defendant Cook.

2. The question presented by a motion for summary judgment is whether the pleadings together with such materials as are properly offered in support of the motion show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

An affidavit made by John R. Rankin, III, was offered in support of the motion and it states, among other things, that the securities involved were purchased, pursuant to Mansour's order, from Grace Canadian Securities, Inc., 25 Broadway, New York, N. Y.; that Grace Canadian Securities, Inc. "was the seller"; that "Rankin & Company did not act as agent or broker for Grace Canadian Securities, Inc., the seller"; and that "Rankin & Company has never inventoried or owned any Lynbar Mining Corp., Ltd. stock and it has never purchased or sold said stock on its own account."

Mansour filed an affidavit in opposition to the motion for summary judgment. It states in substance that defendant Cook,

during a discussion over lunch, had disclosed to plaintiffs certain information pertaining to the assets and contracts of Lynbar Mining and suggested that its stock would be a good investment; that defendant Cook solicited an order for same; and that 3 days later Mansour contacted defendant Cook and told him "to get 500 shares of Lynbar Mining Corp., Ltd. stock for me and 500 shares . . . for The Broman Company."

The remedy afforded the purchaser by § 97-114 is against the *seller*, i.e., "against the party transferring the title to the unregistered stock, whether the title be transferred by the original issuance of stock or a transfer of shares already issued." *Utzman v. Caribbean &c. Development Corp.*, 107 Ga. App. 56, 60 (129 SE2d 62); *Fine v. Bradford*, 109 Ga. App. 380, 383 (136 SE2d 147). Liability also extends under this provision of the Act to "every director, officer, salesman or agent *of or for such seller* who shall have participated or aided in any way in making such sale. . ." (Emphasis supplied.)

It is an undisputed fact in this case that Grace Canadian Securities, Inc., of New York, was the seller of the unregistered securities. It is not disputed that throughout the transaction defendant Rankin & Co. acted as Mansour's agent and not as Grace Canadian's agent; and that defendant received compensation from Mansour only. There being no issue as to these controlling facts, it was not error to grant the motion for summary judgment made by defendant Rankin & Co.

3. In summary, in case 44623 the order granting the motions to dismiss of each defendant, separately filed, is reversed. In case 44624, the order granting the motion to dismiss of defendant Cook, separately filed, is reversed; and the order granting the motion for summary judgment of defendant Rankin & Co., separately filed, is affirmed.

*Judgment in Case 44623 reversed. Judgment in Case 44624 affirmed in part; reversed in part. Jordan, P. J., and Hall, J., concur.*

ARGUED SEPTEMBER 8, 1969—DECIDED FEBRUARY 6, 1970.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, William T. Johnson,* for appellants.

*Tindall & Tindall, Joseph D. Tindall, Jr., Hicks, Eubanks & Scroggins, John H. Hicks,* for appellees.