### 50111. ACE-HI ELECTRIC, INC. et al. v. STEINBERG et al.

WEBB, Judge.

Jack Steinberg and Lee Partiss, Jr. filed their complaint in three counts against Ace-Hi Electric, Inc. and Russell Lee Harris. Count 1 appears to be a suit on an attachment bond given by defendants in consequence of their suing out an attachment against plaintiffs; Count 2 appears to seek recovery for malicious use of process in suing out the attachment; and Count 3 appears to seek recovery for malicious abuse of process. Defendants filed motions to dismiss the complaint and each count thereof for failure to state a claim upon which relief could be granted, and to strike each count "because it is redundant, immaterial and scandalous." The trial court denied the motions to dismiss and to strike, and defendants appeal. *Held:*

1. Defendants Ace-Hi and Harris urge that the first two counts are premature in that the attachment case they previously instituted against plaintiffs has not terminated in plaintiffs' favor. However, these two counts allege that the attachment litigation had terminated in plaintiffs' favor, and in order to determine the correctness of these allegations, it would be necessary to depart from the complaint and to consider matter extraneous to it contained elsewhere in the record, to wit: the dismissal of the attachment levy (but not of the underlying in

personam action in another trial court by defendants Ace-Hi and Harris.[1] It does not appear that the trial court considered matter extraneous to the complaint, since he ruled only upon the motions to dismiss for failure to state a claim upon which relief could be granted and did not recite that he had considered matter other than the complaint.

"When considering the propriety of an order granting a motion to dismiss a complaint for failure to state a claim for which relief may be granted, we can look only to the allegations of the complaint and nothing else. *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Hunter v. A-1 Bonding Service, Inc.,* 118 Ga. App. 498, 499 (164 SE2d 246). The complaints before us plainly state claims for which relief may be granted should the proof be

---

[1]The question sought to be raised, but which we cannot now decide, is whether the dismissal of an attachment levy only, with the main action still pending, constitutes a termination of the attachment case so as to support an action on the bond and for malicious use of process. Plaintiffs rely upon *Oakes v. Smith,* 121 Ga. 317 (48 SE 42) and *Thebit v. Hinton-Bellah,* 57 Ga. App. 205 (194 SE 894) for the proposition that "Where an attachment has been dismissed" (*Oakes,* supra,) the attachment case is terminated so as to support the action on the bond. Defendants, however, contend that unlike the present situation the entire attachment case was dismissed in those decisions. The original record in *Oakes* reveals that Smith sued out an attachment against Oakes, who traversed the ground of attachment. The issue thus formed was tried, resulting in a judgment for Oakes sustaining his traverse and dismissing, so far as we can tell, the entire case.

*Thebit* was a suit on an attachment bond decided upon general demurrer, but it is impossible to determine from the original record whether the whole attachment case was dismissed or not. The allegations of the petition there were that defendant "did fail to recover in said [attachment] case, and that "the plaintiff in the attachment case . . . dismissed the attachment."

forthcoming." *Mansour v. Rankin & Co.,* 121 Ga. App. 134, 135 (1) (173 SE2d 108).

2. Defendants urge that a claim for malicious abuse of process is not sufficiently alleged in Count 3. This count alleges, inter alia, that "the defendants wilfully misapplied the writ of attachment in order to obtain an object which a writ of attachment is not intended by law to effect." See, e. g., *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864 (198 SE2d 420). "Ulterior motive" is not required to be stated with particularity (CPA § 9 (b); Code Ann. § 81A-109 (b)), but on the contrary that section provides that "Malice, intent, knowledge, and other conditions of mind of a person may be averred generally," which was done here. This count sufficiently stated a claim within the rules governing notice pleading.

3. The motions to strike each count "because it is redundant, immaterial and scandalous" were addressed to the whole of each count. Since the whole of each count was not subject to the criticism made, no error appears in overruling these motions. "Where a motion to dismiss is addressed to an entire pleading, and a motion to strike is addressed to an entire paragraph of the pleading, the motions are properly overruled where a portion of the matter thus attacked is not subject to the objection urged." *Thigpen v. Koch,* 126 Ga. App. 182 (1a) (190 SE2d 117).

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JANUARY 7, 1975 — DECIDED
FEBRUARY 7, 1975.

*Reed & Friedwald, James W. Friedwald,* for appellants.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, John A. Howard, David K. Whatley,* for appellees.